```
                UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

EBRAHIM SHANEHCHIAN,            :   NO. 1:07-CV-00828
Individually and on Behalf of   :
All Others Similarly Situated,  :
                                :
        Plaintiff,              :
                                :   **OPINION AND ORDER**
    v.                          :
                                :
MACY'S, INC., et al.,           :
                                :
        Defendants.             :
                                :

This matter is before the Court on Defendants' Motion to Transfer Venue (doc. 14), Plaintiff's Memorandum in Opposition to the Defendants' Motion to Transfer Venue (doc. 17), and Defendants' Reply (doc. 22). For the reasons indicated herein, this Court DENIES Defendants' Motion to Transfer Venue (doc. 14).

**I.  Background**

This action was filed by Plaintiff Ebrahim Shanehchian, individually and on behalf of a class of similarly situated participants and beneficiaries (the "Class") of the Macy's, Inc. Profit Sharing 401(k) Investment Plan ("401(k) Plan") and the May Department Stores Company Profit Sharing Plan ("May Plan") (doc. 1). Defendants include Macy's, Inc. ("Macy's"), a Delaware corporation headquartered in New York, New York, and Cincinnati, Ohio, current and former directors and officers of Macy's, and the Plan Committees for the 401(k) and May Plans (Id.).

On August 30, 2005, Defendant Macy's completed a merger

with The May Department Stores ("May"), acquiring nearly 500 May department stores (doc. 14). According to the Complaint, after the acquisition, Macy's "made a series of material representations and omissions regarding [Macy's] declining sales growth and its failures in converting the newly acquired May stores into Macy's brand stores...which caused Macy's common stock to trade at artificially inflated levels" (doc. 1). Plaintiff filed this class action, asserting claims under Section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 (Id.). Plaintiff claims that Defendants were fiduciaries of the 401(d) Plan and the May Plan, and that they breached their fiduciary duties under ERISA by allowing the Plans to invest in Macy's stock, and by encouraging plan participants to invest in Macy's stock (Id.). Plaintiff alleges that as a result of Defendants' ERISA violations, Plaintiff and members of the Class suffered substantial losses of retirement savings and anticipated retirement income (Id.).

Plaintiff properly filed this action in the Southern District of Ohio on October 3, 2007 (doc. 1). Then, on December 4, 2007, Defendants filed the present motion, asking the Court to transfer this case, under 28 U.S.C. § 1404(a), to the United States District Court for the Southern District of New York (doc. 14). Defendants state that the factual allegations in this case are virtually identical to two actions filed against Macy's pursuant to

2

§ 10(b) of the Securities Exchange Act of 1934 in the Southern District of New York (Id.)[1].

## II. Transfer of Venue

"[T]he threshold consideration under § 1404(a) is whether the action 'might have been brought' in the transferee court." Kay v. National City Mortgage Co., 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007). "Once it is determined that a case could have been brought in the transferee court, the issue becomes whether the transfer is justified under the balance of the language of Section 1404(a)." Jamhour v. Scottsdale Ins. Co., 211 F. Supp. 941, 945 (S.D. Ohio 2002).

Under 28 U.S.C. § 1404, a district court may transfer a civil action to any other district where the action may have been brought for the convenience of the parties or witnesses. "In order for a transfer to take place, the Defendant must make a strong showing of inconvenience to warrant upsetting the Plaintiff's choice of forum." Hobson v. Princeton-New York Investors, Inc., 799 F.Supp. 802, 805 (S.D. Ohio 1992). "A plaintiff's choice of forum is given great weight" (Id. at 804).

When considering a motion to transfer venue, a district court should consider the convenience of the parties, the convenience of potential witnesses, and the interests of justice.

---

[1] Garber v. Macy's, Inc. et al., No. 07 Civ. 4774 (S.D.N.Y. June 4, 2007); Blanchard v. Macy's, Inc. et al., No. 07 Civ. 6112 (S.D.N.Y. June 28, 2007).

Moses v. Business Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir. 1991). Venue should not be transferred unless these factors weigh heavily in favor of the defendant. West American Insurance v. Potts, 1990 U.S. App. LEXIS 12513 at *6 (6th Cir. July 25, 1990).

**III. Argument**

Defendants' motion requests that this case be transferred to the United States District Court for the Southern District of New York (doc. 14). As an initial matter, Defendants argue, and Plaintiff agrees, that venue would also be proper in the Southern District of New York (docs. 14, 17). The ERISA venue provision provides that an ERISA action may be brought in the venue where any of three conditions is satisfied: (1) where the ERISA plan is administered; (2) where the alleged ERISA fiduciary breach took place; or (3) where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Defendants argue, and Plaintiff concedes, that Macy's has a headquarters in the Southern District of New York, and therefore this case could have been brought there under ERISA (docs. 14, 17).

**A. Defendants' Motion**

Defendants contend that the interests of both the public and the litigants strongly weigh in favor of transfer (doc. 14). First, because there is related securities litigation pending in New York, Defendants state that it would be a more efficient use of public resources to try all cases in one court (Id.). Defendants

4

quote this Court's decision in Silver Knight Sales & Mktg., Ltd., 2006 WL 3230770, at *4 (S.D. Ohio Nov. 6, 2006), which stated "the fact that a related action is pending in the proposed transferee district is an important consideration that can override plaintiff's choice of forum because the second action will promote judicial economy and avoid the possibility of inconsistent results" (doc. 14, also citing, among others, City of Columbus v. Hotels.com L.P., 2007 WL 2029036, at *4-*5 (S.D. Ohio July 10, 2007)). Defendants aver that due to the similarities in securities and ERISA actions, the federal Judicial Panel on Multidistrict Litigation routinely transfers similarly related actions to the same federal court for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407 (Id., citing In re Enron Corp. Securities, Derivative & "ERISA" Litg., 196 F. Supp. 2d 1375, 1376 (J.P.M.L 2002)). Defendants argue that transfer in this case would permit the transferee court to manage this action and the related securities cases most efficiently (Id.).

Defendants further argue that another factor supporting transfer to New York is relative docket congestion, and that, for a twelve month period ending September 30, 2006, the median time from the filing of a civil case until disposition was 12.6 months for the Southern District of Ohio and only 8.3 months for the Southern District of New York (Id., citing among others Jamhour v. Scottsdale Ins. Co., 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002)).

5

Defendants contend that transfer would also serve the private interests of the litigants (doc. 14).  When evaluating the private interests of the litigants relative a motion to transfer venue, in addition to the plaintiff's choice of venue, the Court should consider the access to proof and witnesses.  Jamhour, 211 F. Supp. 2d at 945; Kay, 494 F. Supp. 2d at 850.  Defendants first argue that many of the witnesses in this case are the same as those in the pending securities actions in New York, and so transfer would allow those witnesses to only travel once (Id.).  Likewise, Defendants contend that the claims in both actions will require much of the same proof, and that Defendants "should not be required to deal separately with duplicative discovery from two sets of plaintiffs in two separate venues both attempting to prove the same set of facts" (Id.).

Next, while Defendants concede that Plaintiff's choice of venue is a factor to be considered, Defendants argue that here, the weight of Plaintiff's choice of venue is diminished because Plaintiff chose a forum that was not his residence, and because this case is a putative class action (Id., citing Blake v. Family Dollar Stores, Inc., 2007 WL 1795936, *2 (S.D. Ohio June 19, 2007)). Finally, Defendants contend that transfer to New York will not inconvenience Plaintiff or counsel, because two of the four firms representing Plaintiff are located in New York City, and a third is located in Pittsburgh (Id.).

**B. Plaintiff's Response**

In response, Plaintiff first notes that in bringing this action in the Southern District of Ohio, Plaintiff has satisfied all three conditions of ERISA's venue provision, in that Cincinnati, Ohio, is where Macy's ERISA plan is administered, where the breaches alleged in the complaint occurred, and where Macy's principal place of business is located (doc. 17). Plaintiff contends that "ERISA's venue provision squarely provides a basis for denying Defendants' motion" (Id.).

Moreover, Plaintiff argues that even assuming this provision does not alone provide sufficient grounds for denying transfer, "Plaintiff's choice of forum is nonetheless entitled to considerable weight in determining whether transfer is warranted" (Id., citing among others, Fusi v. Emery Worldwide Airlines, Inc., 2007 WL 4207863, at *5 (S.D. Ohio Nov. 23, 2007)). Plaintiff cites case law for the proposition that where, as here, a plaintiff's choice of forum complies with ERISA's venue requirements, that choice is afforded greater deference (Id., citing among others Winnett v. Caterpillar Inc., 2006 WL 1722434, at *5 (M.D. Tenn. June 20, 2006); Bd. Trustees, Sheet Metal Workers Natl Fund v. Baylor Heating & Air Conditioning, 702 F. Supp. 1253, 1256 (E.D. Va. 1988)). Further, Plaintiff refutes Defendants' contention that Plaintiff's choice of forum is diminished because this is a putative class action, arguing that Abbott v. Lockheed Martin Corp., 2007 WL

7

844903, at *2 (S.D. Ill. Mar. 20, 2007) specifically rejected that argument in the context of ERISA class actions (Id.).

Plaintiff next argues that under 28 U.S.C. § 1404(a), Defendant has failed to establish that transfer to New York is in the private interests of the litigants and the public's interest in the administration of justice (Id.). Addressing the private interests, and quoting Bacik v. Peek, 888 F. Supp. 1405, 1414 (N.D. Ohio 1993), Plaintiff states, "[i]n determining whether venue transfer is warranted, 'the most important factor, and the factor most frequently mentioned' is the convenience of witnesses," and that here, most, if not all, witnesses with information relevant to this case are located in the Southern District of Ohio (doc. 17). Moreover, Plaintiff contends that Defendants failed to provide the Court with specific evidence that inconvenience of witnesses warrants transfer (Id., citing Bd. Of Trustees, 702 F. Supp. At 1258). Plaintiff asserts that because this is where the Plans were administered, and where Defendants are located, the Southern District of Ohio is the most convenient forum for all of the parties (Id.).

Plaintiff also argues that Defendants will not be inconvenienced by dealing with duplicative discovery (Id.). Plaintiff contends he "has already stated his willingness to informally coordinate discovery efforts with the plaintiffs in the Securities Litigation to the extent there is any overlap and to the

8

extent that it does not prejudice the relative positions of the classes" (Id.).

Plaintiff likewise contends that the public interests weigh strongly against transfer, first stating that Defendants' position that this case has a "greater likelihood of being resolved earlier in New York" is unfounded (Id., citing Wynne v. Commemorative Air Force, 2007 WL 2769043, at *6 (S.D. Ohio Sept. 18, 2007 (stating that docket congestion is not currently a problem in this venue)).

Next, Plaintiff agrees that avoiding duplicative litigation is in the public interest, but argues that the litigations at issue here are not actually duplicative (Id.). Plaintiff states that of the more than twenty defendants named in this action, only two individuals are also defendants in the Securities cases (Id.). Further, Plaintiff contends that the respective actions present substantially different issues of law under distinct federal statutes and on behalf of very dissimilar classes (Id.). Finally, Plaintiff quotes a recent ERISA case that rejected a motion to stay an ERISA action pending the outcome of a parallel securities action, which held:

> ...the issues raised by the two actions are distinctly different. Although there is some overlap in the corporate fraud allegations, the dispositive issues in this action turn on alleged breaches of fiduciary duties under ERISA while the issues in the securities litigation turn on alleged violations of the securities acts.

In re JDS Uniphase Corp. ERISA Litig., 2005 U.S. Dist. LEXIS 17503,

9

at *46-47 (N.D. Cal. July 14, 2005).

## IV. Discussion

First, the Court agrees with the parties that because Macy's has a headquarters in the Southern District of New York, this case "might have been brought" there under the ERISA venue provision. Kay v. National City Mortgage Co., 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007); 29 U.S.C. § 1132(e)(2).

Therefore, the Court must now decide whether Defendants have has made a "strong showing of inconvenience to warrant upsetting the Plaintiff's choice of forum," Hobson, 799 F.Supp. at 805, by considering the convenience of the parties, the convenience of potential witnesses, and the interests of justice. Moses, 929 F.2d at 1137. Having thoroughly reviewed this matter, the Court finds Defendants do not make a sufficiently strong showing as to why the case should be transferred to the Southern District of New York. Considering the factors relevant to venue transfer, this Court has determined that they do not weigh heavily in favor of transfer.

First, the Court agrees with the district court in Winnett, that pursuant to the ERISA venue provision, even though this case is a putative class action, Plaintiff's choice of venue is entitled to deference. 2006 WL 1722434, at *5. Also addressing a motion to transfer venue in an ERISA class action, the court in Winnet stated, "[t]he court disagrees with the defendant's characterization of the ERISA venue provision and finds that

10

whatever extra deference is afforded to the plaintiffs' choice of venue in other ERISA cases must also be afforded here." Id.  The court reviewed the legislative intent, and ultimately held:

> In light of the intent expressed in the congressional record, as interpreted uniformly in the federal courts, in favor of broad choice of venue for all ERISA plaintiffs, the plaintiff's choice of venue in this case must be afforded a heightened level of deference, beyond the usual deference afforded plaintiffs under § 1404(a) analysis.

Id.; see also Abbott, 2007 WL 844903, at *2.

Second, the Court finds that Defendants have not shown that trying the case in the Southern District of New York would be significantly more convenient for the parties or witnesses in this case.  28 U.S.C. § 1404 does not allow for transfer to a forum that is equally convenient or inconvenient, nor does it allow for transfer if that transfer would only shift the inconvenience from one party to another.  United States ex rel. Roby v. Boeing Co., 1998 U.S. Dist. LEXIS 22456 at *5 (S.D. Ohio Jan. 21, 1998).  While Defendants argue that due to the pending securities issues, transfer to New York would be more convenient for the witnesses and parties by allowing them to manage only one litigation schedule, Plaintiff points out that many of the Defendants are located here in the Southern District of Ohio, and aver that because Macy's is headquartered in Cincinnati, and the Plans were administered here, most of their witnesses reside here as well.  Taking both arguments into account, while the Court finds that transfer to New York may

11

be more convenient for Defendants and some potential witnesses, it does not find the overall difference to be significant.

Further, as to Defendants' argument that the similarities between this action and the pending securities litigation will lead to unnecessarily duplicative discovery, the Court finds no reason why the parties cannot informally coordinate pretrial discovery with the parties in the securities actions pending in the Southern District of New York.

This Court likewise does not find that the interests of justice weigh heavily in favor of transferring the case to the Southern District of New York.  Defendants' primary argument is that the securities litigation in New York is sufficiently similar to this case so that a transfer would promote judicial economy and prevent a waste of judicial resources (doc. 22, citing among others, Moran v. A/C Fin., Inc., 2006 WL 2815491, at *6 (S.D. Ohio Sept. 28, 2006)).  While the two matters may have similar issues, the Court agrees with the reasoning in In re JDS Uniphase Corp. ERISA Litig., 2005 U.S. Dist. LEXIS 17503, and finds that because this ERISA matter and the securities action in New York are not identical, their similarities do not necessarily require transfer.  Although the transfer of this matter to the Southern District of New York may somewhat promote judicial economy, the Court finds that when balanced with other considerations, these factors do not weigh heavily in favor of transfer.  West American Insurance, 1990 U.S.

App. LEXIS 12513 at *6.

**V.   Conclusion**

A district court has broad discretion when considering motions to transfer venue under 28 U.S.C. § 1404.  <u>Hayes v. Chesapeake & Ohio Railway Co.</u>, 374 F. Supp. 1068 (S.D. Ohio, 1973). After reviewing the facts of this case, this Court is not satisfied that the Defendants have shown that the factors for transfer of venue weigh heavily in their favor.  Therefore, the Court DENIES Defendants' Motion to Transfer Venue (doc. 14).


SO ORDERED.



Dated: April 15, 2008          /s/ S. Arthur Spiegel

                               S. Arthur Spiegel
                               United States Senior District Judge

13