UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EBRAHIM SHANEHCHIAN,          :     NO. 1:07-CV-00828
Individually and on Behalf of :
All Others Similarly Situated,:
                              :
          Plaintiff,          :
                              :     **OPINION AND ORDER**
     v.                       :
                              :
MACY'S, INC., et al.,         :
                              :
          Defendants.         :
                              :

        This matter is before the Court on Defendants' Motion to
to Dismiss Plaintiff's Amended Complaint (doc. 31), Plaintiff's
Response in Opposition (doc. 36), Defendants' Reply in Support
(doc. 38), Defendants' Notices of Supplemental Authority (docs. 44,
46), and Plaintiff's Response to Defendants' Supplemental Authority
(doc. 48).  For the reasons indicated herein, this Court DENIES
Defendants'   Motion    to    Dismiss    (doc.    31).

I.   **Background**

     **A. The Parties**

     This  action  was  filed  by  Plaintiff  Ebrahim  Shanehchian,
individually  and  on  behalf  of  a  class  of  similarly  situated
participants and beneficiaries (the "Class") of the Macy's, Inc.
Profit Sharing 401(k) Investment Plan ("Macy's Plan") and the May
Department Stores Company Profit Sharing Plan ("May Plan") (doc.
27).   Defendants  include  Macy's,  Inc.  ("Macy's"),  a  Delaware
corporation headquartered in New York, New York, and Cincinnati,

Ohio, current and former directors and officers of Macy's, and the Plan Committees for the Macy's and May Plans (<u>Id</u>.).

**B. The Plans**

Both the May Plan and the Macy's Plan are a voluntary contribution plan, whereby participants direct the Plans to purchase investments from among the options available in the Plans and allocate them to their individual accounts (<u>Id</u>.). A participant in the Macy's Plan can direct his contribution towards five options for investment, one of which is the Macy's Company Stock Fund, in which participants are permitted to invest no more than fifty percent of the balance of their Plan savings(<u>Id</u>.). The first five percent of pay that an individual contributes on a pre-tax basis is considered "Basic Savings" and is matched by the company of a rate of at least 33 1/3 percent (doc. 31). This matching contribution is initially invested in Macy's Inc. Stock Fund, but participants may reallocate the investment at any time (<u>Id</u>.).

The May Plan provides for six investment options, one of which is the Federated Common Stock Fund, as well as a company match of not less than 33 1/3 percent (<u>Id</u>.). Effective January 1, 2007, the May Plan was amended to provide for automatic enrollment of eligible employees, and stated that such employees shall be deemed to have elected to contribute three percent of their pay on a pre-tax basis (<u>Id</u>.). Such contributions are invested in the Plan's

2

Balanced Equity/Bond Fund until a participant makes an affirmative election otherwise (<u>Id</u>.).

## C. The Factual Allegations

On August 30, 2005, Defendant Macy's completed a merger with The May Department Stores ("May"), acquiring nearly 500 May department stores (doc. 27). According to the Complaint, after the acquisition, Macy's "made a series of material representations and omissions regarding [Macy's] declining sales growth and its failures in converting the newly acquired May stores into Macy's brand stores...which caused Macy's common stock to trade at artificially inflated levels" (<u>Id</u>.). Plaintiff filed this class action, asserting claims under Section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 (<u>Id</u>.). Plaintiff claims that Defendants were fiduciaries of the 401(d) Plan and the May Plan, and that they breached their fiduciary duties under ERISA by allowing the Plans to invest in Macy's stock, and by encouraging plan participants to invest in Macy's stock (<u>Id</u>.). Plaintiff alleges that as a result of Defendants' ERISA violations, Plaintiff and members of the Class suffered substantial losses of retirement savings and anticipated retirement income (<u>Id</u>.).

Plaintiff's amended complaint asserts claims under ERISA for breach of duty of prudence (Count I), failure to monitor (Count II), breach of fiduciary duty based on misrepresentations (Count

3

III), breach of duty of loyalty (Count V), co-fiduciary liability (Count V), and prohibited transaction (Count VI) (doc. 27). Defendants now move for an order dismissing all charges.

## II. APPLICABLE LEGAL STANDARD

Claims brought under ERISA are subject to the simplified pleading standards of Fed. R. Civ. P. 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002).

A motion to dismiss pursuant to Rule 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, Block v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998), and accept as true all the Complaint's factual allegations, Broyde v. Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994). A court's decision to grant a motion to dismiss may not be based upon a disbelief of the Complaint's factual allegations. Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995) (courts should neither weigh evidence nor evaluate the credibility of witnesses). Instead, in its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1687 (1974)(overruled on other grounds). Indeed, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the

4

allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984). The question before the Court considering a motion to dismiss is "not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

The admonishment to liberally construe the plaintiff's claim when evaluating a Rule 12(b)(6) dismissal does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." <u>Car Carriers, Inc. v. Ford Motor Co.</u>, 745 F.2d 1101, 1106 (7th Cir. 1984)(<u>quoting</u> <u>In Re: Plywood Antitrust Litigation</u>, 655 F.2d 627, 641 (5th Cir. 1981)). As the Supreme Court recently held in <u>Bell Atlantic Corp. V. Twombly</u>, 127 S.Ct 1955 (2007), "a plaintiff's obligation is to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id</u>. at 1964-65. <u>See also</u> <u>Ass'n of Cleveland Fire Fighters, et al., v. City of Cleveland, et al.</u> 2007 WL 2768285, *2 (6th Cir. 2007). Additionally, the Court stated that the complaint need not contain detailed factual allegations,

5

but its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id.

**III. Discussion**

ERISA was enacted to "protect the interest of participants in employee benefit plans and their beneficiaries,...by establishing standards of conduct, responsibility, and obligations for fiduciaries of employee benefit plans and by providing for appropriate remedies, sanctions and ready access to the Federal courts." 29 U.S.C. § 1001(b). ERISA neither "requires employers to establish employee benefit plans" nor mandates "what kind of benefits employers must provide if they chose to have such a plan." Lockheed Corp. v. Spink, 517 U.S. 882, 887 (1996). An employer is only subject to fiduciary standards "to the extent that he or she exercises any discretionary authority or discretionary control respecting management of the plan, or has any discretionary authority or discretionary responsibility in the administration of the plan." Vanity Corp. v. Howe, 516 U.S. 489, 498 (1996) (internal citations omitted).

However, ERISA imposes high standards of fiduciary duty upon those responsible for administering an ERISA plan and investing and disposing of its assets. 29 U.S.C. § 1104(a)(1); Kuper v. Iovenko, 66 F.3d 1447 (6th Cir. 1995). The Sixth Circuit explained that the

6

fiduciary duties under ERISA encompass three components. <u>Kuper</u>, 66 F.3d at 1447. The first is a "duty of loyalty" pursuant to which "all decisions regarding an ERISA plan 'must be made with an eye single to the interests of the participants and beneficiaries.' " <u>Id</u>. (quoting <u>Berlin v. Michigan Bell Tele. Co.</u>, 858 F.2d 1154, 1162 (6th Cir. 1988)). The second obligation imposed under ERISA, the "prudent man" obligation, imposes "an unwavering duty" to act both "as a prudent person would act in a similar situation" and "with single-minded devotion" to those same plan participants and beneficiaries. <u>Id</u>. Finally, an ERISA fiduciary must " 'act for the exclusive purpose'" of providing benefits to plan beneficiaries. <u>Id</u>. (quoting <u>Berlin</u>, 858 F.2d at 1162). If a fiduciary fails to meet these high standards, he may be held personally liable for any losses to the plan that result from his breach of duty. <u>Id</u>.; 29 U.S.C. § 1109(a).

Defendants characterize Plaintiff's complaint as containing two distinct claims, upon which every other claim will rise or fall:

> (1) Count 1: Defendants breached their duty of prudence by allowing continued investment in Macy's stock at a time when the stock price was allegedly "artificially inflated" because of supposed misrepresentations to the market, and (2) Count III: the same alleged misrepresentations that caused the artificial inflation constituted breaches of Defendants' fiduciary duties under ERISA and/or Defendants breached their fiduciary duties by: (a) not making corrective disclosures and/or (b) not selling the Plans' holdings at the inflated price (doc. 30).

In their motion, Defendants argue these, and therefore all of Plaintiff's claims, fail and should be dismissed (Id.).

**A. Plaintiff's Prudence Claim**

In Count I of the amended complaint, Plaintiff alleges that Defendants breached their duty of prudence under ERISA by continuing to offer Macy's stock as an investment option and to make contributions of Company stock when it was no longer prudent to do so (doc. 1).

**1. Diversification Exemption**

In support of their motion to dismiss Count I, Defendants first note that both Plans are Employee Stock Ownership Plans ("ESOP"), a type of Eligible Individual Account Plans ("EIAP"), (doc. 31). An EIAP is defined as "an individual account plan which is (i) a profit-sharing, stock bonus, thrift, or savings plan; (ii) an employee stock ownership plan; or (iii) a money purchase plan which...[is] invested primarily in qualifying employer securities." Edgar v. Avaya, Inc., 503 F.3d 340, 347 (3rd Cir. 2007).

Defendants cite Wright v. Oregon Metallurgical Corp., 360 F.3d 1090 (9th Cir. 2004), which states "EIAPs are exempt from certain ERISA provisions because of the 'strong policy in favor of investment in employer stock.'" Id. at 1097. Specifically, Defendants contend that EIAPs are exempt from ERISA's diversification requirement, and that Plaintiff's claim must be

dismissed because it turns on allegations that the Plans were not properly diversified (doc. 31, citing 29 U.S.C. § 1104(a)(2)).

In response, Plaintiff agrees that ERISA provides for such an exemption for EIAPs, but argues that their claim is not one for breach of the duty to diversify and instead an allegation that Defendants breached their fiduciary duties under ERISA by continuing to offer Macy's stock as an investment option and making contributions to stock funds when it was no longer prudent to do so (doc. 36). Plaintiff cites <u>Shirk v. Fifth Third Bancorp</u>, 2007 U.S. Dist. LEXIS 26534 (S.D. Ohio April 10, 2007), where the district court noted "[t]he mere fact that fiduciaries are exempted from the duty to diversify holdings of stock does not mean that it is prudent to hold a particular stock, whether the plan holds that stock predominately or not." <u>Id</u>. at *28-29.

The Court agrees that Plaintiff's breach of prudence claim is distinguished from a claim for failure to diversify. In <u>Shirk</u>, the court held, "[p]laintiffs' allegation that any investment in Fifth Third stock was imprudent in light of what Defendants knew about Fifth Third's lack of meaningful internal controls and the risk of investing in Fifth Third stock is distinguished from a simple allegation Defendants breached a duty to diversify (from which they may or may not be exempt) and is sufficient to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." <u>Id</u>. at *29-30. Similarly, Plaintiff here alleges that any investment in Macy's stock was

imprudent in light of what defendants knew or should have known "about the problems with the merger between Macy's and May, the overall health of the Company as a result of overstated sales, and the related risk of investing in Macy's stock" (doc. 36). Therefore, Plaintiff's claim is not a diversification claim, and the diversification exemption and <u>Wright</u> do not resolve the issue. <u>See</u> <u>In re JDS Uniphase Corp. ERISA Litig.</u>, 2005 U.S. LEXIS 17503 (N.D. Cal. July 13, 2005); <u>Shirk</u>, 2007 U.S. Dist. LEXIS 26534.

### 2. Investment Discretion

Next, Defendants argue that the Plans require the offering of employer stock as an investment option and afford the fiduciaries no discretion, and therefore there exists no fiduciary duties regarding the choice of investment options (<u>Id</u>., citing <u>Kirschbaum v. Reliant Energy, Inc.</u>, 526 F.3d 243 (5th Cir. 2008)). Defendants contend that they had no discretion to remove the Macy's Stock Fund as an investment option (<u>Id</u>.).

The Court does not find Defendants' position well-taken. The Sixth Circuit in <u>Kuper</u> specifically rejected this same argument, stating "[w]e conclude that the purpose and nature of ERISA and ESOPs preclude a plan's per se prohibition against diversification or liquidation" and that "ERISA requires that a fiduciary may only follow plan terms to the extent that the terms are consistent with ERISA...[W]e...reject defendants' argument that the Plan provision

10

left them no discretion to diversify." 66 F.3d at 1457 (citing Moench, 62 F.3d at 567).

### 3. Presumption of Prudence

Finally, Defendants cite the Sixth Circuit decision in Kuper for the proposition that "a duty to so diversify or liquidate where the plan imposes no such duty can only arise in limited circumstances," which Defendants contend are not alleged in this case (Id., citing Kuper, 66 F.3d at 1457). Defendants argue that pursuant to Kuper, investments in employer stock are presumptively prudent and a reviewing court must "presume a fiduciary's decision to remain invested in employer securities was reasonable" (Id., quoting Kuper, 66 F.3d at 1459). Comparing the facts in this matter to decisions from the Fifth Circuit in Kirschbaum, 526 F.3d at 249, and the Third Circuit in Edgar, 503 F.3d at 347, Defendants argue that the "alleged failures in the May/Macy's 'Integration Process,' even if accompanied by the fraud alleged (they were not), simply could not create the type of dire situation which would require defendants to disobey the terms of the Plans" (doc. 31). Defendants contend that in Kuper, the Sixth Circuit set forth an absolute causation defense requiring dismissal of claims that a fiduciary failed to sell of investments in employer stock where, as here: "(1) the price of the sponsor's stock fluctuated throughout the relevant period and (2) 'several' investment advisors recommended holding the sponsor's stock throughout this same

11

period" (doc. 31, citing <u>Kuper</u>, 66 F.3d at 1460).

In response, Plaintiff first argues that the presumption of prudence does not apply to this matter because the presumption only applies to ESOPs which mandate investment in company stock (doc. 36). Here, Plaintiff contends, the Plans merely mandated the offering of a company stock fund. The Court is not impressed with this argument. As Plaintiff concedes, the Plans explicitly direct that a company stock fund be one of the investment alternatives offered to participants (<u>Id</u>.). Further, both Plans require that the company stock fund invest "primarily" in Macy's stock (doc. 38). Likewise, both Plans require that participants' accounts are invested in accordance with the participants' directions (<u>Id</u>.).

Plaintiff also argues that the presumption of prudence does not apply at the motion to dismiss stage of litigation (doc. 36, citing among others <u>Swierkiewicz</u>, 534 U.S. 506 (2002); <u>Goodyear</u>, 438 F.Supp. 2d at 793; <u>In re Diebold ERISA Litig.</u>, 2008 U.S. Dist. LEXIS 42746, at *29 (N.D. Ohio May 28, 2008). Defendants reject this contention, citing contrary case law (doc. 38, citing among others <u>Edgar</u>, 503 F.3d at 349; <u>Wright</u>, 360 F.3d at 1099). In considering seemingly conflicting case law on whether the presumption of prudence applies at this stage of the litigation, the district court in <u>In re Ford Motor Co. ERISA Litig.</u>, 590 F.Supp.2d 883 (E.D. Mich., 2008), reconciled the case law this way:

[I]f Plaintiffs allege facts that clearly preclude their

12

> ability to overcome the presumption of prudence, the
> Court will dismiss the Complaint. But in closer cases
> where the allegations suggest that with future discovery
> there is a 'reasonably well founded hope that plaintiff
> would be able to make a case,' Courts should not, in
> effect apply Rule 56 standards to the complaint on a
> motion to dismiss. Thus, while the presumption of
> prudence is a factor in a motion to dismiss, Plaintiffs
> do not have an affirmative burden to plead the specific
> facts necessary to overcome the presumption. Yet,
> consistent with Rule 8(a)'s notice pleading requirement,
> they nonetheless have the duty to plead sufficient facts
> to demonstrate that they have a plausible ERISA claim in
> light of the presumption of prudence...In sum, Defendants
> are entitled to a presumption of reasonableness in this
> case. At this early stage of litigation, however,
> Plaintiffs' burden is only to put Defendants on notice of
> a viable claim for relief.

The Court adopts this reasoning, and therefore must determine whether the facts alleged in the amended complaint and referenced documents are inconsistent with a finding plaintiff's favor. <u>Id</u>. at 912.

In <u>Kuper</u>, the Sixth Circuit determined that "[a] plaintiff may rebut this presumption of reasonableness by showing that a prudent fiduciary acting under similar circumstances would have made a different investment decision." 66 F.3d at 1459. In <u>Goodyear</u> and <u>Ferro</u>, the district courts found that a plaintiff pled sufficient facts to overcome a presumption of reasonableness by alleging that "(1) the company had inflated its earnings expectations through accounting manipulations; (2) the defendants knew or should have known about the accounting irregularities; (3) the company stock plummeted as a result; and (4) the plans lost millions of dollars."

13

438 F.Supp.2d 783; 422 F.Supp.2d at 860.  Likewise, in <u>Shirk</u>, the court found allegations sufficient to rebut the presumption of reasonableness where plaintiff alleged that defendants knew or should have known that the defendant was engaged in numerous practices that put the company stock at risk, that they failed to take into account whether the stock was inflated in value, that they created or maintained public misconceptions concerning the true financial health of the company, and despite the availability of other investment options, continued to invest and allow investment of the Plan's assets in company stock. 2007 W.L. 110429, at *10.

Reviewing Plaintiff's amended complaint, the Court finds that Plaintiff has alleged sufficient facts to rebut a presumption of reasonableness.  Specifically, Plaintiff alleges that despite problems with the integration process, Defendants continued to reassure the market and the Plans' Participants regarding the success of the merger; as a result of undisclosed facts concerning the difficulties of the integration process the stock was artificially inflated and though Defendants knew or should have known that the stock was an imprudent investment, they continued to heavily invest the Plans in company stock; and when Defendants conceded the problems with the merger and the company's sales, the stock plummeted (doc. 27).  The Court finds these allegations sufficient to survive a motion to dismiss under Fed. R. Civ. P.

14

12(b)(6).

## 2. Plaintiff's Misrepresentation/Disclosure Claim

Defendants next contend that Plaintiff's misrepresentation/disclosure claim in Count III of the Complaint fails as a matter of law (doc. 31).  The Sixth Circuit stated:

> To establish a claim for breach of fiduciary duty based on alleged misrepresentations...a plaintiff must show: (1) that the defendant was acting in a fiduciary capacity when it made the challenged representations; (2) that these constituted material misrepresentations; and (3) that the plaintiff relied on those misrepresentations to their detriment.

James v. Pirelli Armstrong Tire Corp., 305 F.3d 439 (6th Cir. 2002); Moore v. LaFayette Life Ins. Co., 458 F.3d 416, 433 (6th Cir. 2006). Defendants argue first that Plaintiff's claim fails because Plaintiff does not allege detrimental reliance (doc. 31). According to Defendants, Plaintiff fails to allege that "he so much as read or heard, much less relied upon, the alleged misrepresentations set out in the Amended Complaint," and therefore Count III must be dismissed (Id., citing Pirelli, 305 F.3d at 449).

Further, Defendants contend this claim fails because none of the alleged misrepresentations were made by a Defendant while acting in a fiduciary capacity (Id.).  "In every case charging breach of ERISA fiduciary duty...the threshold question is...whether that person was acting as a fiduciary (that is was performing a fiduciary function) when taking the action subject to

15

complaint." <u>Pegram v. Hendrich</u>, 530 U.S. 211 (2000). Defendants contend that the allegedly false statements and material non-disclosures identified in the Amended Complaint relate only to information released by Defendants to the general public or filed with the SEC, and that these types of communications are not considered fiduciary conduct (doc. 31, citing 29 C.F.R. § 2509.96-1(d)(1)(ii); <u>Varity Corp v. Howe</u>, 516 U.S. 489 (1996)). Incorporating prospectuses or SEC filings into a Summary Plan Description, argues Defendants, does not transform these non-fiduciary communications into fiduciary conduct (<u>Id</u>., citing 29 C.F.R. § 2509.96-1(d); <u>Kirschbaum</u>, 526 F.3d at 256). Further, Defendants aver that because Plaintiff does not allege "that Defendants narrowly tailored or limited these communications to Plan participants and/or that the Plans or their benefits were mentioned in the allegedly misleading statements" the statements cannot form the basis of a fiduciary breach claim (<u>Id</u>., citing <u>Varity</u>, 516 U.S. at 505).

A fiduciary is not liable under ERISA "simply because it made statements about its expected financial condition" or "because an ordinary business decision turned out to have an adverse impact on the plan." <u>Varity</u>, 516 U.S. at 505. To qualify as a fiduciary statement, the statement must be intentionally and directly connected to the retirement plan. <u>Id</u>. at 504-05. Any alleged misrepresentations made in public statements not specifically tied

16

to plan benefits are not actionable under ERISA. In re Ferro Corp. ERISA Litg., 422 F.Supp.2d 850, 865 (N.D. Ohio). The district court in Shirk found "the allegations will be found sufficient to state a claim based on misrepresentations in SEC disclosures, press releases and other public documents only to the extent those statements were incorporated in the Plan's documents and/or disseminated to the Plan's participants." 2007 WL 1100429, at *12 (citing Goodyear Tire and Rubber Co. ERISA Litig. 438 F.Supp 2d at 795). Contrary to Defendants' contention, the district court in In re AEP ERISA Litig., 327 F.Supp. 2d 812 (S.D. Ohio 2004), stated where Defendants chose to "incorporate AEP's SEC filings into the [summary plan description], the SEC filings became fiduciary communications." See also Diebold, 2008 U.S. LEXIS 42746, at *20 ("to the extent that the allegedly inaccurate or misleading communications relate to SEC filings that were incorporated by reference into the Plan documents, and/or were disseminated to Plan participants, such misrepresentations are actionable under ERISA.").

Here, the amended complaint details statements made during conference calls, in press releases and SEC filings (doc. 27). Further, the complaint alleges that these statements "were incorporated by reference into the Plans' SPD and Prospectuses that were disseminated by the Plans' fiduciaries to Participants and/or made directly to the Participants" (Id.). Therefore, the Court

17

finds that Plaintiff has sufficiently alleged fiduciary communication which was disseminated to all Plan Participants, satisfying both the reliance element and that the alleged misrepresentations constituted fiduciary conduct.

Finally, Defendants argue Plaintiff's misrepresentation claim fails because any disclosure obligations Defendants may have had regarding investment in Macy's stock were met (doc. 31).  While Defendants deny that ERISA imposes any duty to disclose information about strategy, operations and financial results regarding the integration of the May stores, they contend that Macy's specifically cautioned the public regarding the risks Plaintiff alleges were undisclosed (Id.).  Defendants cite several allegedly cautioning statements made by Macy's contemporaneous with the alleged misrepresentations that Defendants argue the Amended Complaint ignores (Id.).

The Court finds that a determination of whether the communications cited by Plaintiff actually constitute misrepresentations, when viewed in light of the contemporaneous communications cited by Defendants, is a question of fact and therefore not proper for a motion to dismiss. Shirk, 2007 U.S. Dist. LEXIS 26534, at *38; AEP, 327 F.Supp. at 832.

### C. Fraud-on-the-Market Theory

Defendants characterize Plaintiff's claims as each resting on

18

the theory that Defendants breached their fiduciary duties under ERISA by either: "(1) allowing the artificial inflation to occur by misleading the market as a whole, or (2) failing to sell the Plans' investment at an artificially inflated price while in possession of insider information" (doc. 31).  Defendants argue that this basis is fundamentally flawed because the disclosure of this alleged non-public information would have necessarily caused the loss complained of (Id., citing Edgar, 503 F.3d at 350).  Moreover, Defendants contend that any sale by the fiduciaries prior to disclosure would have been unlawful under insider trading (Id., citing Edgar, 593 F.3d at 350).

Defendants further argue that Plaintiff's claims, in addition to failing under ERISA, also must be dismissed because "they attempt to circumvent the special rules and protections of federal securities laws, something ERISA specifically prohibits" (doc. 31, citing 29 U.S.C. § 1144(d) ("Nothing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States...or any rule or regulation issued under any such law")).  Specifically, Defendants contend that Plaintiff's claims impair the PSLRA and the Securities Exchange Act of 1934's prohibitions against insider trading, by circumventing the statutes' requirements and protections (doc. 31, citing 15 U.S.C. §§ 78u-5(c)(1), 78u-4(b)(1) and (2), 78u-4(b)(3)(A), 78u-4(b)(3)(B)).

The Court does not find Defendants' positions well-taken. Other courts have considered and rejected identical arguments. First, "a myriad of courts have considered and rejected" Defendants' contention that insider trading laws precluded them from fulfilling their disclosure obligations under ERISA. AEP, 327 F.Supp 2d at 824 (citing among others In re Enron, 284 F.Supp.2d at 565); See also Ferro, 422 F.Supp 2d at 862-63; Xcel Energy, 312 F.Supp.2d at 1181-822 ("As to defendants' insider trading argument, the court joins those courts holding that ERISA plan fiduciaries cannot use the securities laws to shield themselves from potential liability for alleged breaches of their statutory duties.").

The Court likewise rejects Defendants' "efficient market defense," the contention that Plaintiff's claims must be dismissed because any disclosure by Defendants would have resulted in a drop of stock price (doc. 31). The question of whether Plaintiff's losses would have been more or less significant had Defendants disclosed information earlier is inappropriate for resolution at this stage of the litigation. Ferro, F.Supp.2d at 863, Goodyear, 438 F.Supp.2d at 792.

Finally, as Plaintiff's note, both Congress and numerous courts have examined the issue of whether securities laws trump or preempt ERISA, and have uniformly found that ERISA is not preempted. The district court in In re WorldCom, Inc. ERISA Litig., 263 F.Supp.2d 745 (S.D.N.Y. 2003) stated:

20

> The defendants have tried to describe a tension between
> the federal securities laws and ERISA that would require
> dismissal of this claim.   Their arguments, however,
> cannot undermine the soundness of the general principle
> underlying [the disclosure claim] that ERISA fiduciaries
> cannot transmit false information to plan participants
> when a prudent fiduciary would understand that the
> information was false.   Nor is there anything in [the
> disclosure claim]...that requires ERISA fiduciaries to
> convey non-public material to Plan participants.  What is
> required, is that any information that is conveyed to
> participants be conveyed in compliance with the standard
> of care that applies to ERISA fiduciaries.

See also Enron, 284 F.Supp.2d at 565; AEP, 327 F.Supp.2d at 823-24;

H.R. Conf. Rep. 93-1280 (1979); Schlandky v. United Merchants &

Mfs., 443 F.Supp. 1054, 1062 (S.D.N.Y. 1977).   Therefore, in

accordance with the majority of case law, the Court finds dismissal

on Defendants' fraud-on-the-market arguments unwarranted.

**D. Plaintiff's Prohibited Transaction Claim**

In Count VI, Plaintiff alleges that the Plans' purchase of

Macy's stock constituted a prohibited transaction in violation of

29 U.S.C. § 1106 (doc. 1).  Defendants quote 29 U.S.C. § 1108(e),

which provides:

> Sections 1106 and 1107 of this title shall not apply to
> the acquisition or sale by a play of qualifying employer
> securities...if such acquisition, sale, or lease is for
> adequate consideration.

ERISA defines "adequate consideration" in relevant part as "the

price of the security prevailing on a national securities

exchange." 29 U.S.C. 1002(18).   Defendants argue that Plaintiff

21

failed to allege that the Plan paid more than adequate consideration for Macy's stock, and therefore this claim must be dismissed (doc. 31).

In response, Plaintiff concedes that the prices paid by the Plans for Macy's common stock were those listed on the New York Stock Exchange, but argues that the pleading is sufficient because Plaintiff alleges that those listed prices were artificially inflated due to Defendants' false and misleading statements (doc. 36). The Court finds Defendants' argument well-taken. Plaintiff offers no support for his argument that his claim may stand despite no allegation that the Plans paid anything other than the price listed on the New York Stock Exchange for Macy's stock. Plaintiff's concession that Defendants paid adequate consideration for Macy's stock, as defined by ERISA, necessitates the dismissal of this claim.

### E. Plaintiff's Remaining Claims

Defendants finally argue that Plaintiff's failure to monitor (Count II), duty of loyalty (Count IV), and co-fiduciary liability (Count V) claims are each derivative of Plaintiff's claims in Counts I and III, and therefore, these claims should also be dismissed. The Court does not find dismissal of Counts I and III warranted, and thus declines to dismiss Plaintiff's remaining claims.

**III. Conclusion**

For the reasons stated herein, the Court GRANTS Defendants' Motion to Dismiss as to Count VI of the Amended Complaint, and DENIES Defendants' Motion as to all other claims (doc. 31).


SO ORDERED.



Dated: August 13, 2009        /s/ S. Arthur Spiegel

                              S. Arthur Spiegel

                              United States Senior District Judge