**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| EBRAHIM SHANEHCHIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:07-cv-00828-SAS-TSH |
| v. ) | |
| ) | Judge S. Arthur Spiegel |
| ) | Magistrate Judge Timothy S. Hogan |
| MACY'S, INC., et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

---

### DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

---

All Defendants, by and through their attorneys, hereby respond to the numbered paragraphs of Plaintiff's Amended Class Action Complaint.

### **INTRODUCTION**[1]

1. The allegations set forth in paragraph 1 purport to state conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations set forth in paragraph 1 are denied.

2. To the extent the allegations set forth in paragraph 2 purport to characterize the terms of the Plans, such allegations are denied to the extent they are inconsistent with the terms

---

[1]  Main headings from the Amended Class Action Complaint are included for ease and reference, and the inclusion does not constitute an admission of any kind. All of the headings included in the Amended Class Action Complaint do not constitute allegations, and therefore, no responsive pleading to the headings is required; to the extent a response is required, all allegations contained in the headings are denied. In addition, where not otherwise specifically set forth, all allegations in footnotes or subparagraphs are answered in Defendants' response to the paragraph to which the footnote or subparagraph is associated.

of the written documents and/or do not reflect such written documents in their entirety.  The remaining allegations of paragraph 2 are denied, except it is admitted that Plaintiff was a Macy's employee and that Plaintiff had the opportunity to invest some of his earnings in Macy's stock through the Macy's 401(k) plan at certain times during the class period.

3.      The allegations set forth in paragraph 3 purport to characterize the terms of the Plans, and other written documents, the terms of which speak for themselves; such allegations are denied to the extent they are inconsistent with the terms of the written documents and/or do not reflect such written documents in their entirety.

4.      Denied.

5.      It is admitted that on February 27, 2005, Macy's entered into an agreement and plan or merger with the May Department Stores Company ("May"), that the time that Macy's entered into the agreement with May, Macy's was called Federated Department Stores, Inc., and that Federated Department Stores, Inc. changed its name to Macy's effective June 1, 2007.  It is further admitted that Macy's completed the acquisition of May on August 30, 2005.  All of the remaining allegations set forth in paragraph 5 are denied.

6.      Denied.

7.      Denied.

8.      It is admitted that on May 9, 2007, the closing price of Macy's stock was $43.82 and at certain times on August 16, 2007, Macy's stock traded at $29.13.  All of the remaining allegations set forth in paragraph 8 are denied.

9.      Denied.

10.      Denied.

11.     It is admitted that Plaintiff seeks the relief set forth in paragraph 11.  It is denied that Plaintiff is entitled to such relief.  All remaining allegations of paragraph 11 are denied.

## JURISDICTION AND VENUE

12.     The allegations set forth in paragraph 12 purport to state conclusions of law to which no responsive pleading is required.

13.     The allegations set forth in paragraph 13 purport to state conclusions of law to which no responsive pleading is required.

14.     It is denied that any fiduciary breach occurred.  The remaining allegations set forth in paragraph 14 purport to state conclusions of law to which no responsive pleading is required.

## PARTIES

15.     Defendants admit that some of Plaintiff's 401(k) holdings were in Macy's stock at certain times during the class period.  Whether Plaintiff is or was a "participant" under ERISA is a conclusion of law to which no responsive pleading is required.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15.

16.     The allegations set forth in paragraph 16 purport to state conclusions of law and/or characterize the terms of the Plans and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents, relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

3

17.     It is admitted that Macy's is a corporation organized under the laws of Delaware, with its principal executive offices located at 7 West 7th Street, Cincinnati, Ohio 45202.  It is further admitted that Macy's, through its subsidiaries, operates department stores, selling a range of merchandise, including men's, women's, and children's apparel, and accessories, cosmetics, home furnishings and other consumer goods.  It is further admitted that as of February 2, 2008, the Company operated approximately 850 retail stores in 45 states, the District of Columbia, Guam, and Puerto Rico under the names Macy's and Bloomingdales and that during the class period, Macy's common stock traded on the New York stock exchange.  All of the remaining allegations set forth in paragraph 17 are denied.

18.     The allegations set forth in paragraph 18 purport to state conclusions of law and/or characterize the terms of the Plans and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents, relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.  By way of further response, Defendants specifically deny that a "Plan Sponsor" is a fiduciary under ERISA.

19.     The allegations set forth in paragraph 19 purport to state conclusions of law and/or characterize the terms of the Plans and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents, relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

20.     The allegations set forth in the second sentence of paragraph 20 purport to state conclusions of law to which no responsive pleading is required.  The remaining allegations of paragraph 20 are denied, except it is admitted that Karen M. Hoguet served as the Company's Chief Financial Officer and Executive Vice President and Chair of the Plan Committee at certain times during the class period and that at certain times during the class period, she signed certain Form 11-K's filed by the Company, participated in the management of the Company, and was privy to some of the Company's confidential information.

21.     The allegations in the first three sentences of paragraph 21 are denied, except it is admitted that Terry J. Lundgren served as the Company's President, Chief Executive Officer, and Chairman of the Board at certain times during the class period and that he participated in the management of the Company, and was privy to some of the Company's confidential information. The allegations set forth in the last sentence of paragraph 21 purport to state conclusions of law to which no responsive pleading is required.

22.     It is admitted that Plaintiff has referred to defendants Hoguet and Lundgren as Officer Defendants.  It is denied that Plaintiff is entitled to any relief from Ms. Hoguet and/or Mr. Lundgren.

23.     The allegations set forth in paragraph 23 purport to state conclusions of law and/or characterize the terms of the Plans and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents, relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

24.     The allegations in the first three sentences of paragraph 24 are denied, except it is admitted that Meyer Feldberg served as a director on the Board, Vice Chair of the Board's Compensation and Management Development Committee and a member of the Nominating and Corporate Governance Committee at certain times during the class period.  It is further admitted that Mr. Feldberg was appointed to the Board as of May 1992.  The allegations set forth in the last sentence of paragraph 24 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations set forth in the last sentence of paragraph 24 are denied.

25.     The allegations in the first three sentences of paragraph 25 are denied, except it is admitted that Sara Levinson served as a director on the Board, a member of the Board's Compensation and Management Development Committee and a member of the Nominating and Corporate Governance Committee at certain times during the class period.  It is further admitted that Ms. Levinson was appointed to the Board as of May 1997.  The allegations set forth in the last sentence of paragraph 25 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations set forth in the last sentence of paragraph 25 are denied.

26.     The allegations in the first three sentences of paragraph 26 are denied, except it is admitted that Joseph Neubauer served as a director on the Board, as Vice Chair of the Board's Audit Committee and Nominating Corporate Governance Committee, and as a member of the Compensation and Management Development Committee at certain times during the class period.  It is further admitted that Mr. Neubauer was appointed to the Board as of September 1992.  The allegations set forth in the last sentence of paragraph 26 purport to state conclusions

of law to which no responsive pleading is required.  To the extent a response is required, the allegations set forth in the last sentence of paragraph 26 are denied.

27.     The allegations in the first three sentences of paragraph 27 are denied, except it is admitted that Joseph A Pichler served as a director on the Board, as Chair of the Board's Nominating and Corporate Governance Committee, and as a member of the Board's Compensation and Management Development Committee at certain times during the class period.  It is further admitted that Mr. Pichler was appointed to the Board as of December 1997.  The allegations set forth in the last sentence of paragraph 27 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations set forth in the last sentence of paragraph 27 are denied.

28.     The allegations in the first three sentences of paragraph 28 are denied, except it is admitted that Joyce M. Roche served as a director on the Board and a member of the Board's Audit Committee and Nominating Corporate Governance Committee at certain times during the class period.  It is further admitted that Ms. Roche was appointed to the Board as of February 2006.  The allegations set forth in the last sentence of paragraph 28 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations set forth in the last sentence of paragraph 28 are denied.

29.     The allegations in the first three sentences of paragraph 29 are denied, except it is admitted that Karl M. von der Heyden served as a Director on the Board, Chair of the Board's Finance Committee, and a member of the Board's Compensation and Management Development Committee at certain times during the class period.  It is further admitted that Mr. von der Heyden was appointed to the Board as of February 1992.  The allegations set forth in the last sentence of paragraph 29 purport to state conclusions of law to which no responsive pleading is

required.  To the extent a response is required, the allegations set forth in the last sentence of paragraph 29 are denied.

30.     The allegations in the first three sentences of paragraph 30 are denied, except it is admitted that Craig E. Weatherup served as a director on the Board, Chair of the Board's Compensation and Management Development Committee, and a member of the Board's Nominating and Corporate Governance Committee at certain times during the class period.  It is further admitted that Mr. Weatherup was appointed to the Board as of August 1996.  The allegations set forth in the last sentence of paragraph 30 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations set forth in the last sentence of paragraph 30 are denied.

31.     The allegations in the first three sentences of paragraph 31 are denied, except it is admitted that Marna C. Whittington served a director of the Board, Chair of the Board's Audit Committee, and Vice Chair of the Board's Finance Committee at certain times during the class period.  It is further admitted that Ms. Whittington was appointed to the Board as of June of 2003.  The allegations set forth in the last sentence of paragraph 31 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations set forth in the last sentence of paragraph 31 are denied.

32.     The allegations in the first two sentences of paragraph 32 are denied, except it is admitted that William Stiritz served as a director of the Board and member of the Board's Audit Committee and Finance Committee at certain times during the class period.  It is further admitted that Mr. Stiritz was appointed to the Board as of May 2007.  The allegations set forth in the last sentence of paragraph 32 purport to state conclusions of law to which no responsive pleading is

required.  To the extent a response is required, the allegations set forth in the last sentence of paragraph 32 are denied.

33.     The allegations in the first two sentences of paragraph 33 are denied, except it is admitted that Stephen F. Bollenbach served as a director of the Board at certain times during the class period.  It is further admitted that Mr. Bollenbach was appointed to the Board as of 2007. The allegations set forth in the last sentence of paragraph 33 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations set forth in the last sentence of paragraph 33 are denied.

34.     The allegations in the first two sentences of paragraph 34 are denied, except it is admitted that Deirdre P. Connelly served as a director of the Board at certain times during the class period.  It is further admitted that Mr. Connelly was appointed to the Board as of January 1, 2008.  The allegations set forth in the last sentence of paragraph 34 purport to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations set forth in the last sentence of paragraph 34 are denied.

35.     It is admitted that Plaintiff has referred to defendants Lundgren, Feldberg, Levinson, Neubauer, Pichler, Roche, von der Heyden, Weatherup, Whittington, Stiritz, Bollenbach, and Connelly as Director Defendants and that all of these individuals served as directors on the Board at certain times during the class period.  It is denied that Hoguet served as a director on the Board during the class period.  It is further denied that Plaintiff is entitled to any relief from Hoguet, Lundgren, Feldberg, Levinson, Neubauer, Pichler, Roche, von der Heyden, Weatherup, Whittington, Stiritz, Bollenbach, and/or Connelly.

36.     The allegations set forth in paragraph 36 purport to characterize the Macy's Inc. Retirement Benefit Investment Policy Statement and other written documents, the terms of

which speak for themselves; such allegations are denied to the extent that they are inconsistent with written documents or do not reflect the documents in their entirety.

37.     The allegations set forth in paragraph 37 purport to characterize the Plans and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with written documents or do not reflect the documents in their entirety.

38.     The allegations set forth in paragraph 38 purport to characterize the Macy's Summary Plan Description and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with written documents or do not reflect the documents in their entirety.

39.     The allegations set forth in paragraph 39 purport to characterize the Macy's Summary Plan Description and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with written documents or do not reflect the documents in their entirety.

40.     The allegations set forth in paragraph 40 purport to characterize the May Department Stores Company Profit Sharing Notes to Financial Statements Years Ended December 31, 2006 and 2005 and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with written documents or do not reflect the documents in their entirety.

41.     The allegations set forth in paragraph 41 purport to characterize the Federated Department Stores, Inc. Defined Contribution Plan's Master Trust Agreement and other written documents, the terms of which speak for themselves; such allegations are denied to the extent

that they are inconsistent with written documents or do not reflect the documents in their entirety.

42.　　　Admitted.

43.　　　It is admitted that Robert G. Zimmer served as a member of the Plan Committee at certain times during the class period.  It is further admitted that Zimmer signed Form 5500s. All of the remaining allegations set forth in paragraph 43 are denied.

44.　　　It is admitted that Dave Clark served as a member of the Plan Committee from December 6, 2002 to the present.  All of the remaining allegations set forth in paragraph 44 are denied.

45.　　　It is admitted that Dick Brickson served as a member of the Plan Committee from March 10, 2006 to 2008.  All of the remaining allegations set forth in paragraph 45 are denied.

46.　　　It is admitted that R.B. Harrison served as a member of the Plan Committee from June 5, 2007 to the present.  All of the remaining allegations set forth in paragraph 46 are denied.

47.　　　It is admitted that Tony Spring served as a member of the Plan Committee from June 5, 2007 to the present.  All of the remaining allegations set forth in paragraph 47 are denied.

48.　　　It is admitted that Ron Tysoe served as a member of the Plan Committee from May 17, 1996 to March 10, 2006.  All of the remaining allegations set forth in paragraph 48 are denied.

49.　　　It is admitted that Jim Gray served as a member of the Plan Committee beginning prior 1992 to April 3, 2007.  All of the remaining allegations set forth in paragraph 49 are denied.

50.     It is admitted that Mike Osborn served as a member of the Plan Committee from December 6, 2002 to April 3, 2007.  All of the remaining allegations set forth in paragraph 50 are denied.

51.     It is admitted that Plaintiff has referred to defendants O'Bryan, Zimmer, Clark, Brickson, Harrison, Spring, Tysoe, Gray and Osborn collectively as Plan Committee Defendants. It is denied that Plaintiff is entitled to any relief from O'Bryan, Zimmer, Clark, Brickson, Harrison, Spring, Tysoe, Gray and/or Osborn.

52.     The allegations set forth in paragraph 52 purport to state conclusions of law to which no responsive pleading is required.

## CLASS ACTION ALLEGATIONS

53.     The allegations set forth in paragraph 53 purport to state conclusions of law to which no responsive pleading is required.

54.     The allegations set forth in paragraph 54 purport to state conclusions of law and/or characterize the terms of the Company's October 15, 2007 Form 5500 filing and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents, relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

55.     The allegations set forth in paragraph 55 purport to state conclusions of law to which no responsive pleading is required   To the extent a responsive pleading is required, such allegations are denied.

56.     The allegations set forth in paragraph 56 purport to state conclusions of law to which no responsive pleading is required   To the extent a responsive pleading is required, such allegations are denied.

57.     The allegations set forth in paragraph 57 purport to state conclusions of law to which no responsive pleading is required   To the extent a responsive pleading is required, such allegations are denied.

58.     The allegations set forth in paragraph 58 purport to state conclusions of law to which no responsive pleading is required   To the extent a responsive pleading is required, such allegations are denied.

59.     The allegations set forth in paragraph 59 purport to state conclusions of law to which no responsive pleading is required   To the extent a responsive pleading is required, such allegations are denied.

## **NATURE OF THE PLANS**

60.     The allegations set forth in paragraph 60 purport to state conclusions of law and/or characterize the terms of the Plans and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents, relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

61.     The allegations in the last sentence of paragraph 61 are denied.  The remaining allegations set forth in paragraph 61 purport to state conclusions of law and/or characterize the terms of the Plans and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents,

relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety

62.     It is admitted that the 2007 SPD is attached to the Amended Complaint as Exhibit 1.  The remaining allegations set forth in paragraph 62 purport to state conclusions of law and/or characterize the terms of the Summary Plan Description and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents, relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.  To the extent a responsive pleading is required, such allegations are denied.

63.     It is admitted that the 2002 May Plan SPD is attached to the Amended Complaint as Exhibit 2.  All remaining allegations set forth in paragraph 63 are denied.

64.     The allegations set forth in paragraph 64 purport to state conclusions of law and/or characterize the terms of the May Department Stores Company Profit Sharing Plan Notes to Financial Statements Years Ended December 31, 2006 and 2005 and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents, relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

65.     It is admitted the 401(k) Plan and May Plan filed the required Forms 5500.  The remaining allegations set forth in paragraph 65 purport to state conclusions of law and/or characterize the terms of the 401(k) Plan and May Plan's Form 5500 Filings and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents, relevant statutory provisions, regulations

or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

66.     The allegations set forth in paragraph 66 purport to state conclusions of law and/or characterize the terms of the Company's Form 11-K and Form 5500 filings and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents, relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

67.     The allegations set forth in paragraph 67 purport to characterize the terms of the Macy's Plan's Summary Plan Description, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written document, and/or do not reflect such written document in its entirety.

68.     The allegations set forth in paragraph 68 purport to characterize the Company's website, the terms of which speaks for themselves; such allegations are denied to the extent that they are inconsistent with the website or do not reflect the website in its entirety.

69.     The allegations set forth in paragraph 69 purport to state conclusions of law and/or characterize the terms of the Macy's Plan, the Summary Plan Description, and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents, relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.  All remaining allegations of paragraph 69 are denied.

70      Defendants admit that the Macy's Plan's assets were held in trust.  The remaining allegations set forth in paragraph 70 purport to state conclusions of law and/or characterize the terms of the Macy's Plan, the 1996 Trust Agreement, and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents, relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

71.      The allegations set forth in paragraph 71 purport to state conclusions of law and/or characterize the terms of the Master Trust Agreement and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents, relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

72.      The allegations set forth in paragraph 72 purport to state conclusions of law and/or characterize the terms of the Master Trust Agreement and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents, relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

73.      The allegations set forth in paragraph 73 purport to characterize the terms of the Macy's Plan, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the Macy's Plan and/or do not reflect the terms of the Macy's Plan in their entirety.

74.     The allegations set forth in paragraph 74 purport to characterize the terms of the Macy's Plan and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents and/or do not reflect such written documents in their entirety.

75.     The allegations set forth in paragraph 75 purport to characterize the terms of the Macy's Plan and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents and/or do not reflect such written documents in their entirety.  All remaining allegations in paragraph 75 are denied.

76.     The allegations set forth in paragraph 76 purport to characterize the terms of the Macy's Plan and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents and/or do not reflect such written documents in their entirety.

77.     The allegations set forth in paragraph 77 purport to characterize the terms of the Macy's Plan and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents and/or do not reflect such written documents in their entirety.

78.     The allegations set forth in the first sentence of paragraph 78 purport to characterize the terms of the Macy's Plan SPD, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents and/or do not reflect such written documents in their entirety.  The remaining allegations of paragraph 78 are denied.

79.     The allegations set forth in paragraph 79 purport to state conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in paragraph 79 are denied.

80.     The allegations set forth in paragraph 80 purport to state conclusions of law and/or characterize the terms of the Macy's Plan and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents, relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

81.     The allegations set forth in paragraph 81 purport to state conclusions of law and/or characterize the terms of the Macy's Plan and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents, relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

82.     The allegations set forth in paragraph 82 purport to state conclusions of law and/or characterize the terms of the Macy's Plan and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents, relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

83.     It is admitted that as of December 31, 2006, the Macy's Plan held $314,407,000 in Macy's common stock.  All remaining allegations set forth in paragraph 83 are denied.

84. The allegations set forth in paragraph 84 purport to characterize the terms of the May Plan and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents and/or do not reflect such written documents in their entirety.

85. The allegations set forth in paragraph 85 purport to characterize the terms of the May Plan and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents and/or do not reflect such written documents in their entirety.

86. The allegations set forth in paragraph 86 purport to characterize the terms of the May Plan SPD and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents and/or do not reflect such written documents in their entirety.

87. The allegations set forth in paragraph 87 purport to characterize the terms of the May Plan and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents and/or do not reflect such written documents in their entirety.

88. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88.

89. The allegations set forth in paragraph 89 purport to state conclusions of law and/or characterize the terms of the May Plan and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents, relevant statutory provisions, regulations or other governing law, and/or do

not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

90.     It is admitted that as of December 31, 2006, the May Department Stores Company Profit Sharing Plan held $650,803,000 in Macy's common stock.  All remaining allegations set forth in paragraph 90 are denied.

91.     Denied.

92.     The allegations set forth in paragraph 92 purport to characterize the terms of the May Plan and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents and/or do not reflect such written documents in their entirety.

93.     The allegations set forth in paragraph 93 purport to characterize the terms of the May Plan and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents and/or do not reflect such written documents in their entirety.

94.     The allegations set forth in paragraph 94 purport to characterize the terms of the May Plan and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents and/or do not reflect such written documents in their entirety.

95.     Denied.

96.     Admitted.

97.     It is admitted that May shareholders, including the May Plan, received both cash and Macy's stock for their May shares.  All of the remaining allegations of paragraph 97 are denied.

98.     It is admitted that following the merger, BNY purchased additional shares of Macy's common stock.  All of the remaining allegations set forth in paragraph 98 are denied.

## DEFENDANT'S FIDUCIARY STATUS

99.     The allegations set forth in paragraph 99 purport to state conclusions of law to which no responsive pleading is required.

100.    The allegations set forth in paragraph 100 purport to state conclusions of law to which no responsive pleading is required.

101.    The allegations set forth in paragraph 101 purport to state conclusions of law to which no responsive pleading is required.

102.    The allegations set forth in paragraph 102 purport to state conclusions of law to which no responsive pleading is required.

103.    The allegations set forth in paragraph 103 purport to state conclusions of law to which no responsive pleading is required.

104.    The allegations set forth in paragraph 104 purport to state conclusions of law to which no responsive pleading is required.

105.    The allegations set forth in paragraph 105 purport to state conclusions of law and/or characterize the terms of the Plans and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents, relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

106.    The allegations set forth in paragraph 106 purport to state conclusions of law and/or characterize the terms of the Plans and other written documents, the terms of which speak

for themselves; such allegations are denied to the extent that they are inconsistent with the written documents, relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

107.     The allegations set forth in paragraph 107 purport to state conclusions of law to which no responsive pleading is required.

108.     The allegations set forth in paragraph 108 purport to state conclusions of law to which no responsive pleading is required.

109.     The allegations set forth in paragraph 109 purport to state conclusions of law to which no responsive pleading is required.

110.     Defendants admit the allegations in the first sentence of paragraph 110.  The remaining allegations set forth in paragraph 110 purport to state conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the remaining allegations in paragraph 110 are denied.

111.     The allegations set forth in paragraph 111 purport to state conclusions of law and/or characterize the terms of the Macy's charter and bylaws, and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents, relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

112.     The allegations set forth in paragraph 112 purport to state conclusions of law to which no responsive pleading is required.

113.     The allegations set forth in paragraph 113 purport to state conclusions of law and/or characterize the terms of the Plans and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents, relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

114.     Denied.

115.     The allegations set forth in paragraph 115 purport to state conclusions of law to which no responsive pleading is required.

## DEFENDANTS' FIDUCIARY DUTIES UNDER ERISA

116.     The allegations set forth in paragraph 116 purport to state conclusions of law to which no responsive pleading is required.

117.     The allegations set forth in paragraph 117 purport to state conclusions of law to which no responsive pleading is required.

118.     The allegations set forth in paragraph 118 purport to state conclusions of law to which no responsive pleading is required.

119.     The allegations set forth in paragraph 119 purport to state conclusions of law to which no responsive pleading is required.

120.     The allegations set forth in paragraph 120 and its subparagraphs purport to state conclusions of law to which no responsive pleading is required.

121.     The allegations set forth in the first sentence of paragraph 121 purport to state conclusions of law to which no responsive pleading is required.  The remaining allegations of paragraph 121 are denied.

122.    The allegations set forth in paragraph 122 purport to state conclusions of law to which no responsive pleading is required.

123.    The allegations set forth in paragraph 123 purport to state conclusions of law to which no responsive pleading is required.

124.    The allegations set forth in paragraph 124 purport to state conclusions of law to which no responsive pleading is required.

125.    The allegations set forth in paragraph 125 and its subparagraphs purport to state conclusions of law to which no responsive pleading is required.

126.    The allegations set forth in paragraph 126 purport to state conclusions of law to which no responsive pleading is required.

127.    The allegations set forth in paragraph 127 and its subparagraphs purport to state conclusions of law to which no responsive pleading is required.

128.    The allegations set forth in paragraph 128 purport to state conclusions of law to which no responsive pleading is required.

129.    The allegations set forth in paragraph 129 purport to state conclusions of law to which no responsive pleading is required.

130.    Denied, except Defendants admit that there are numerous ways in which services are provided to employee benefit plans.

131.    The allegations set forth in paragraph 131 purport to state conclusions of law and/or characterize the terms of Department of Labor publications and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents, relevant statutory provisions, regulations or other

governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

132.    The allegations set forth in paragraph 132 purport to state conclusions of law and/or characterize the terms of Department of Labor publications and other written documents, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents, relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.

## FACTS BEARING ON FIDUCIARY BREACHES

133.    The allegations set forth in the first sentence of paragraph 133 purport to state conclusions of law to which no responsive pleading is required.  All of the remaining allegations set forth in paragraph 133 are denied.

134.    Denied.

135.    It is admitted that as of January 29, 2005 May operated 491 department stores under the names of Famous-Barr, Filene's, Foley's, Hecht's, Kauffmann's, Lord & Taylor, L.S. Ayres, Marshall Field's, Meier & Frank, Robinson-May, Strawbridges, and the Jones Store, as well as 239 David's Bridal stores, 449 After Hours Formalwear stores, and 11 Priscilla of Boston stores.  All remaining allegations set forth in paragraph 135 are denied.

136.    The allegations set forth in paragraph 136 purport to characterize the Merger Agreement, the terms of which speaks for themselves; such allegations are denied to the extent that they are inconsistent with the written documents or do not reflect the documents in their entirety.

137.    Admitted.

138.    The allegations set forth in paragraph 138 purport to characterize the Company's SEC filings, the terms of which speaks for themselves; such allegations are denied to the extent that they are inconsistent with the written documents or do not reflect the documents in their entirety.

139.    The allegations set forth in paragraph 139 purport to characterize the Company's April 1, 2008 Form 10-K filing, the terms of which speaks for themselves; such allegations are denied to the extent that they are inconsistent with the written document or do not reflect the document in its entirety.

140.    The allegations set forth in paragraph 140 purport to characterize press releases written by the Company, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with written documents or do not reflect the documents in their entirety.  The remaining allegations of paragraph 140 are denied.

141.    The allegations set forth in paragraph 141 purport to characterize a February 28, 2005 press release and a May 11, 2005 press release, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents or do not reflect the documents in their entirety.

142.    The allegations set forth in paragraph 142 purport to characterize a May 27, 2005 Proxy Statement, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written document or do not reflect the document in its entirety.

143.    It is admitted that the merger between Federated Department Stores, Inc. and May was completed on August 30, 2005.  The remaining allegations set forth in paragraph 143 purport to characterize a September 8, 2005 10-Q filing, the terms of which speak for

themselves; such allegations are denied to the extent that they are inconsistent with the written document or do not reflect the document in its entirety.  To the extent a response is required, the remaining allegations set forth in paragraph 143 are denied.

144.    It is admitted that Macy's stock traded at $40.88 per share at certain times on February 7, 2007 and that at certain times on February 8, 2007, it traded for more than $42.42 per share.  To the extent the remaining allegations set forth in paragraph 144 purport to characterize a February 8, 2007 Press Release, such allegations are denied to the extent that they are inconsistent with the written document or do not reflect the document in its entirety.  The remaining allegations in paragraph 144 are denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    The allegations set forth in paragraph 155 purport to characterize a transcript of a November 8, 2006 conference call regarding third quarter 2006 earnings and press releases, the terms of which speak for themselves; such allegations are denied to the extent that they are

inconsistent with the written documents or do not reflect the documents in their entirety.  The remaining allegations of paragraph 155 are denied.

156.    Denied.

157.    The allegations set forth in paragraph 157 purport to characterize a February 8, 2007 press release, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written document or do not reflect the document in its entirety.

158.    The allegations set forth in paragraph 158 purport to characterize a February 27, 2007 press release, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written document or do not reflect the document in its entirety.

159.    It is admitted that on February 27, 2007 Defendant Hoguet participated in a conference call.  To the extent the remaining allegations set forth in paragraph 159 purport to characterize a transcript of the conference call regarding fourth quarter 2006 earnings, such allegations are denied to the extent that they are inconsistent with the written document or do not reflect the document in its entirety.  All of the remaining allegations set forth in paragraph 159 are denied.

160.    Denied.

161.    The allegations set forth in paragraph 161 purport to characterize a March 8, 2007 press release, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written document or do not reflect the document in its entirety.

162.    The allegations set forth in paragraph 162 purport to characterize an April 4, 2007 press release, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written document or do not reflect the document in its entirety.

163.    The allegations set forth in paragraph 163 purport to characterize Macy's Form 10-K filing, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written document or do not reflect the document in its entirety.

164.    To the extent the allegations set forth in paragraph 164 purport to characterize press releases, the terms of which speak for themselves, such allegations are denied to the extent that they are inconsistent with the written documents or do not reflect the documents in their entirety.  The remaining allegations of paragraph 164 are denied.

165.    Denied.

166.    The allegations set forth in paragraph 166 purport to characterize Summary Plan Descriptions and Prospectuses, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written documents or do not reflect the documents in their entirety.

167.    The allegations set forth in paragraph 167 purport to characterize a May 10, 2007 press release, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written document or do not reflect the document in its entirety.

168.    The allegations set forth in paragraph 168 purport to characterize a May 16, 2007 press release, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written document or do not reflect the document in its entirety.

169.     The allegations set forth in paragraph 169 purport to characterize a May 16, 2007 press release, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written document or do not reflect the document in its entirety.

170.     Denied.

171.     It is admitted that on May 16, 2007 Defendant Hoguet participated in a conference call.  The remaining allegations set forth in paragraph 171 purport to characterize a transcript of the conference call regarding first quarter 2007 earnings, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written document or do not reflect the document in its entirety.  Defendants deny the remaining allegations of paragraph 171.

172.     The allegations set forth in paragraph 172 purport to characterize a transcript of a May 16, 2007 conference call regarding first quarter 2007 earnings, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written document or do not reflect the document in its entirety.

173.     It is admitted that on May 9, 2007, Macy's stock closed at $43.82 per share and that on May 17, 2007, Macy's stock closed at $39.06 per share, and that this constituted approximately an eleven percent difference in price.  It is further admitted that on a post-split adjusted basis, the difference between $39.06, and the trading high of $46.70 after the stock split was approximately seventeen percent.  It is further admitted that Federated Department Stores, Inc. entered into its agreement and plan of merger with May on February 27, 2005.  All of the remaining allegations set forth in paragraph 173 are denied.

174.     Denied.

175.    The allegations set forth in paragraph 175 purport to characterize press releases, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with written documents or do not reflect the documents in their entirety.

176.    The allegations set forth in paragraph 176 purport to characterize press releases and an August 15, 2007 Wall Street Journal Article, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with written documents or do not reflect the documents in their entirety.

177.    The allegations set forth in paragraph 177 purport to characterize an August 15, 2007 Wall Street Journal article, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written document or do not reflect the document in its entirety.

178.    The allegations set forth in paragraph 178 purport to characterize an August 15, 2007 MarketWatch news article, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written document or do not reflect the document in its entirety.  The remaining allegations of paragraph 178 are denied.

179.    The allegations set forth in paragraph 179 purport to characterize an August 15, 2007 TheStreet.com article, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written document or do not reflect the document in its entirety.

180.    The allegations set forth in paragraph 180 purport to characterize an August 15, 2007 MarketWatch news article, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written document or do not reflect the document in its entirety.

181.    The allegations set forth in paragraph 181 purport to characterize an August 15, 2007 MarketWatch news article, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written document or do not reflect the document in its entirety.

182.    The allegations set forth in paragraph 182 purport to characterize an August 16, 2007 Women's Wear Daily news article, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written document or do not reflect the document in its entirety.

183.    The allegations set forth in paragraph 183 purport to characterize a September 30, 2007 New York Times News Service article, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written document or do not reflect the document in its entirety.

184.    It is admitted that on August 16, 2007, at certain times, Macy's stock sold at $29.13 per share.  All remaining allegations set forth in paragraph 184 are denied.

185.    It is admitted that on January 11, 2008, at certain times, Macy's stock sold at $20.94 per share.  All remaining allegations set forth in paragraph 185 are denied.

186.    The allegations set forth in paragraph 186 purport to characterize a February 10, 2008 press release, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with the written document or do not reflect the document in its entirety.

187.    The allegations set forth in paragraph 187 purport to characterize a Form 8-K filing and press release, the terms of which speak for themselves; such allegations are denied to

the extent that they are inconsistent with the written documents or do not reflect the documents in their entirety.

188.    Denied.

189.    Denied.

190.    The allegations set forth in paragraph 190 purport to characterize SEC filings, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with written documents or do not reflect the documents in their entirety.

191.    Denied.

192.    Denied.

193.    Denied.

194.    Denied.

195.    Denied.

196.    The allegations set forth in paragraph 196 purport to characterize the Macy's Summary Plan Description, the terms of which speak for themselves; such allegations are denied to the extent that they are inconsistent with written document or do not reflect the document in its entirety.

197.    Denied.

198.    To the extent the allegations of paragraph 198 purport to state conclusions of law, no responsive pleading is required.  The remaining allegations of paragraph 198 are denied.

199.    Denied.

200.    Denied.

201.    The allegations set forth in the first sentence of paragraph 201 purport to state conclusions of law to which no responsive pleading is required.  All of the remaining allegations set forth in paragraph 201 are denied.

202.    Denied.

**REMEDIES FOR DEFENDANTS' BREACHES OF THEIR FIDUCIARY DUTIES**

203.    Denied.

204.    The allegations set forth in paragraph 204 purport to state conclusions of law to which no responsive pleading is required.

205.    The allegations set forth in paragraph 205 purport to state conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations are denied.

206.    Denied.

207.    Denied.

**COUNT I**

208.    Defendants hereby incorporate by reference their responses as set forth in the paragraphs above.

209.    The allegations set forth in paragraph 209 purport to state conclusions of law to which no responsive pleading is required.  To the extent paragraph 209 incorporates by reference allegations from elsewhere in the Amended Complaint, Defendants hereby incorporate their responses to such allegations.  The remaining allegations of paragraph 209 are denied.

210.    The allegations set forth in paragraph 210 purport to state conclusions of law and/or characterize the terms of the Plans and other written documents, the terms of which speak for themselves; such allegations are denied to the extent they are inconsistent with the terms of

written documents, the relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.  The remaining allegations set forth in paragraph 210 are denied.

211.    The allegations set forth in paragraph 211 purport to state conclusions of law and/or characterize the terms of the Plans and other written documents, the terms of which speak for themselves; such allegations are denied to the extent they are inconsistent with the terms of written documents, the relevant statutory provisions, regulations or other governing law, and/or do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.  The remaining allegations set forth in paragraph 211 are denied.

212.    Denied.

213.    Denied.

214.    Denied.

215.    Denied.

216.    Denied.

217.    Denied.

218.    Denied.

219.    Denied.

## COUNT II

220.    Defendants hereby incorporate by reference their responses as set forth in the paragraphs above.

221.    The allegations set forth in paragraph 221 purport to state conclusions of law to which no responsive pleading is required.  The remaining allegations set forth in paragraph 221 are denied.

222.    Denied.

223.    Denied.

224.    Denied.

## COUNT III

225.    Defendants hereby incorporate by reference their responses as set forth in the paragraphs above.

226.    The allegations set forth in paragraph 226 purport to state conclusions of law to which no responsive pleading is required.  The remaining allegations set forth in paragraph 226 are denied.

227.    The allegations set forth in paragraph 227 purport to state conclusions of law to which no responsive pleading is required.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Denied.

## COUNT IV

232.    Defendants hereby incorporate by reference their responses as set forth in the paragraphs above.

233.    The allegations set forth in paragraph 233 purport to state conclusions of law to which no responsive pleading is required.  The remaining allegations set forth in paragraph 233 are denied.

234.    The allegations set forth in paragraph 234 purport to state conclusions of law to which no responsive pleading is required.

235. Denied.

236. Denied.

## COUNT V

237. Defendants hereby incorporate by reference their responses as set forth in the paragraphs above.

238. The allegations set forth in paragraph 238 purport to state conclusions of law to which no responsive pleading is required.

239. Denied.

240. Denied.

241. Denied.

242. Denied.

243. Denied.

244. Denied.

245. Denied.

## COUNT VI

Defendants need not respond to paragraphs 246 through 253 of the Amended Complaint because the Court has dismissed Count VI of the Amended Complaint.

## SECTION 404(c) DEFENSE INAPPLICABLE

254. Denied.

255. The allegations set forth in paragraph 255 purport to state conclusions of law and/or characterize the terms of the Plans and other written documents, the terms of which speak for themselves; such allegations are denied to the extent they are inconsistent with the terms of written documents, the relevant statutory provisions, regulations or other governing law, and/or

do not reflect such written documents, statutory provisions, regulations or other governing law in their entirety.  The remaining allegations set forth in paragraph 255 are denied.

256.    Denied.

## PRAYER FOR RELIEF

The remaining allegations of Plaintiff's Amended Complaint constitute a prayer for relief, and therefore, no responsive pleading is required.  To the extent that a responsive pleading is required, Defendants deny all of the remaining allegations and deny that Plaintiff is entitled to any of the relief sought.

## FIRST DEFENSE

To the extent applicable, the claims of Plaintiff and each member of the putative class are barred in whole or in part by the applicable statutes of limitations, including ERISA Section 413, 29 U.S.C. § 1113, and/or the doctrines of laches, waiver and/or estoppel.

## SECOND DEFENSE

The claims of Plaintiff and each member of the putative class are barred, in whole or in part, by ERISA Section 404(c), 29 U.S.C. § 1104(c), 29 U.S.C. § 1104(c).

## THIRD DEFENSE

Plaintiff and each member of the putative class have proximately caused, contributed to, or failed to mitigate any and all losses claimed by them.

## FOURTH DEFENSE

To the extent the defense provided by ERISA Section 404(c), 29 U.S.C. § 1104(c) does not apply, Plaintiff and each member of the putative class acted as fiduciaries when they directed the investment of funds allocated to their account(s) and are therefore liable for any claimed losses.

### FIFTH DEFENSE

Any losses alleged by Plaintiff and each member of the putative class were not caused by any fault, act or omission by Defendants, but were caused by circumstances, entities or persons, including Plaintiff and each member of the putative class, for which Defendants are not responsible and cannot be held liable.

### SIXTH DEFENSE

ERISA Section 514(d), 29 U.S.C. § 1144(d), prohibits ERISA from being used to alter, modify, or impair federal securities law or other federal laws.

### SEVENTH DEFENSE

Any fiduciary decisions being challenged are entitled to deference, and are subject to review only for abuse of discretion.

### EIGHTH DEFENSE

Fiduciaries are not required or permitted to violate securities laws, or any other law, to satisfy their fiduciary obligations.

### NINTH DEFENSE

Plaintiff and each member of the putative class have each failed to exhaust the administrative remedies available to them under the terms of the Plan.  To the extent Plaintiff or any member of the putative class asserts any claim based on any interpretation or application of the terms of the Plans, their claims should be remanded to the plan administrator for interpretation of the Plan and determination of the claims.

### TENTH DEFENSE

The plan administrator has discretion to interpret the Plan and make factual determinations under the Plan.

## ELEVENTH DEFENSE

The claims of some putative class members are barred by waivers and releases of claims.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by ERISA Section 409(b), which provides that "no fiduciary shall be liable with respect to a breach of fiduciary duty under this subchapter if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary."

## THIRTEENTH DEFENSE

Plaintiff's and each member of the putative class' alleged damages, if any, are barred, in whole or in part, because they have failed to mitigate any damages they may have suffered.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, on the grounds that any alleged decline in the price of Macy's stock, as well as any alleged decline in Plan assets, were not caused by any act or omission alleged in the Complaint against these answering Defendants and were caused, if at all, by economic, market, or other forces or independent intervening or superseding causes other than those alleged in the Complaint.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert, and hereby give notice that they intend to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserve the right to amend their Answer to assert any such defense.

WHEREFORE, having fully answered, Defendants deny that Plaintiff is entitled to certification of their proposed classes, and further deny that Plaintiff is entitled to the relief requested, or any other relief.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that all of Plaintiff's claims be dismissed with prejudice, and that all costs and fees, including attorneys' fees, be awarded to Defendants.

Dated:  September 11, 2009                              Respectfully submitted,


                                                         s/ Jeremy P. Blumenfeld

Brian T. Ortelere*
Jeremy P. Blumenfeld                                     John M. Newman Jr.
    [Ohio Bar Registration No. 0068858]               [Ohio Bar Registration No. 0005763]
Sarah E. Pontoski*                                       Geoffrey J. Ritts
Victoria L. Gorokhovich*                                     [Ohio Bar Registration No. 0062603]
MORGAN, LEWIS & BOCKIUS LLP                              JONES DAY
1701 Market Street                                       North Point
Philadelphia, Pennsylvania  19103-2921                   901 Lakeside Avenue
Tel.:  215.963.5000                                      Cleveland, Ohio  44114-1190
Fax:  215.963.5001                                       Tel: 1.216.586.3939
E-mail: bortelere@morganlewis.com                        Fax: 1.216.579.0212
    jblumenfeld@morganlewis.com                  E-mail: jmnewman@jonesday.com
spontoski@morganlewis.com                                    gjritts@jonesday.com
    vgorokhovich@morganlewis.com

                                                         *Attorneys for All Defendants*

*Admitted *Pro Hac Vice*

Attorneys for All Defendants

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on September 11, 2009, a copy of the foregoing

Defendants' Answer to Plaintiff's Amended Complaint was filed electronically with the Court.

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties

indicated on the electronic filing receipt.  All other parties will be served by Federal Express.

Parties may also access this filing through the Court's system.


<u>/s/ Jeremy P. Blumenfeld</u>

Jeremy P. Blumenfeld
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania  19103-2921
Tel.:  215.963.5000
Fax:  215.963.5001