IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| EBRAHIM SHANEHCHIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:07-cv-00828-SAS-TSH |
| v. | ) | |
| | ) | Judge S. Arthur Spiegel |
| | ) | Magistrate Judge Timothy S. Hogan |
| MACY'S, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATION AND PROTECTIVE ORDER

### I.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and/or use for any purpose, other than prosecuting this litigation, would be warranted. Accordingly, the Parties have stipulated to, and petitioned the Court to enter, the following Stipulation and Protective Order (the "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the information or items that are entitled, under the applicable legal principles, to treatment as confidential.

### II.     DEFINITIONS

1.      <u>Party or Parties</u>: Any party to the above-captioned action, including, without limitation, named parties and parties who intervened in the above-captioned action.

1

2.    Disclosure or Discovery Material: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3.    "Confidential" Information or Material: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c)(7) and that a Producing Party (as defined below) considers: (a) to constitute confidential, sensitive or proprietary business information or documents, the disclosure of which might adversely affect a Producing Party's competitive position, business operations, or economic interests; or (b) personal private information.

4.    Receiving Party: Party that receives Disclosure or Discovery Material from a Producing Party in this action.

5.    Producing Party: A Party or non-party that produces Disclosure or Discovery Material in this action.

6.    Designating Party: A Party or non-party that designates information or items that are produced in disclosures or in responses to discovery as "Confidential."

7.    Outside Counsel: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

8.    In-House Counsel: Attorneys who are employees of a Party.

9.    Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

10.    Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or

2

as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

        11.    <u>Professional Vendors</u>: Persons or entities that provide litigation-support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## III.   SCOPE

        The protections conferred by this Order cover not only Confidential Material, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential Material.

## IV.   DURATION

        Even after the termination of this litigation, the obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## V.   NON-PARTIES

        Any non-party from whom discovery is sought may be informed of and may obtain the protection of this Order by sending written notice to Counsel for the parties or by invoking this Order on the record during any deposition or similar proceeding.

## VI.   DESIGNATING CONFIDENTIAL MATERIAL

        1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards.

3

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, that Party or non-party must promptly notify all other parties in writing that it is withdrawing the mistaken designation.

2.    Manner and Timing of Designations: Except as otherwise provided in this Order or as otherwise stipulated or ordered, material that qualifies for protection under his Order must be clearly so designated before the material is disclosed or produced.

(a)    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), designation in conformity with this Order requires that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains protected material. If only a portion or portions of the material qualifies for protection, the Producing Party also must clearly identify the protected page(s), not the entire document.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Confidential. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order; then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" on each page that contains Confidential Information or Material.

(b)    For testimony given in deposition or in other pretrial or trial proceedings, designation in conformity with this Order requires that the Party or non-party identify on the record, before the close of the deposition, hearing, or other proceeding, all testimony to be designated as Confidential. Alternatively, a party may designate testimony as Confidential by

4

identifying such testimony in writing within seven days of its receipt of the transcript of such testimony. All deposition testimony shall be treated as Confidential until the expiration of such seven day period.

Transcript pages containing Confidential Material must be separately bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c)     For information produced in some form other than documentary and for any other tangible items, designation in conformity with this Order requires that the Producing Party affix, in a prominent place on the exterior of the container or containers in which the information or item is stored, the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

(d)     If any other Party, other than the original Designating Party, also wishes to designate information or material as Confidential, designation in conformity with this Order requires that it must do so in writing to all other Parties promptly upon receipt of the material.

3.     <u>Belated Designation</u>: Notwithstanding the above, a Designating Party may belatedly designate qualified information or items as Confidential, and such information or items shall be treated by the Receiving Party as Confidential once such designation is received.

## VII.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a

confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

In the event a Party objects to another Party's or non-party's designation of material as Confidential, it shall specify in writing to the Designating Party those materials or categories of materials it contends should not be designated as Confidential ("Disputed Documents") and the basis for such contention. The Parties will meet and confer to attempt to resolve all Disputed Documents.

If any parties are unable to resolve disputes regarding the designation of Confidential Information, any party may bring the matter to the Court for resolution. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all Parties and all persons with access to Confidential information pursuant to section VIII.2 of this Order (Disclosure of "CONFIDENTIAL" Information or Items) shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## VIII. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

1.    Basic Principles: A Receiving Party may use Confidential Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential Material may be disclosed only to the categories of persons, and under the conditions, described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section XIII below (FINAL DISPOSITION).

2.    Disclosure of "CONFIDENTIAL" Information or Items: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

6

disclose any information or item designated CONFIDENTIAL only to the following "Designated Persons":

(a)     any Party;

(b)     the Party's Counsel in this action, as well as employees and agents of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c)     the officers, directors and employees of any Party to whom disclosure is reasonably necessary for this litigation;

(d)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Protective Order" (Exhibit A) (counsel of record to whom Confidential Information is produced shall keep in their files the originals of all signed Agreements to be Bound by Protective Order);

(e)     the Court and its personnel;

(f)     court reporters, their staffs and professional vendors to whom disclosure is reasonably necessary for this litigation;

(g)     any person from whom noticed testimony is taken in this case, subject to the condition that no information or item designated Confidential shall be left in the custody of any such person who has not signed the "Agreement to be Bound by Protective Order" (Exhibit A) (counsel of record to whom Confidential Information is produced shall keep in their files the originals of all signed Agreements to be Bound by Protective Order);

(h)     any person whom a Party's attorney believes is a potential witness in this case subject to the condition that no information or item designated Confidential shall be left in the custody of any potential witness who has not signed the "Agreement to be Bound by

Protective Order" (Exhibit A) (counsel of record to whom Confidential Information is produced shall keep in their files the originals of all signed Agreements to be Bound by Protective Order);

               (i)      the author or recipient of the documents or the original source of the information; and

               (j)      any person whom Outside Counsel for the parties agree should have access to such materials and who agrees to be bound by the terms of this Order.

## IX.    CONFIDENTIAL MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential, the Receiving Party must so notify the Designating Party in writing immediately and in no event more than three court days after receiving the subpoena or order. Such information must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the person who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must send this Order promptly to the person in the other action that caused the subpoena or order in issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## X. FILING CONFIDENTIAL MATERIAL

All documents, including but not limited to, transcripts of depositions, exhibits, produced documents, answers to interrogatories or portions thereof, and requests for admissions or portions thereof, whether originals or copies, which are filed with the Court, which have been designated by a Party as Confidential, and briefs or memoranda that copy, excerpt or specifically and materially summarize Confidential Material, shall be filed under seal in accordance with the Court's procedures for filing materials under seal.

## XI. FINAL DISPOSITION

Within sixty (60) days after a judgment, dismissal, or other resolution of this Action becomes final and non-appealable, the Counsel for each Party who received Confidential Material shall: (a) return to the Producing Party all copies of Confidential Material produced by such person; or (b) destroy all documents containing or based upon Confidential Material (including all copies); and (c) provide a certification of compliance with this paragraph. Counsel for the parties may, however, retain court papers, deposition, hearing and trial transcripts and attorney work product (including Confidential Material that is referred to or attached to any attorney work product), but any Confidential Material contained in such materials may not be disclosed to any person not a Designated Person.

## XII. MISCELLANEOUS

1. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

2. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not

9

addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

3. This Order applies to all proceedings in this action other than trial. The Parties will present confidentiality rules covering the trial of this action that can be agreed upon by the Parties in a consolidated pretrial order to be drafted by the Parties and submitted to the Court.

4. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of documents, testimony or other evidence in this action.

5. This Order has no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Information. The Designating Party shall have complete authority to choose to disclose publicly material only it has designated as Confidential Information.

6. Nothing in this order shall: (a) prevent the Parties from agreeing to amend this Order, (b) prevent any Party from moving for an amendment to this Order either during or after the conclusion of this action, (c) prejudice in any way the rights of any Party to apply to the Court for any additional protection with respect to the confidentiality of documents or information that the Party may consider appropriate.

7. Nothing in this Order shall prevent a Party or non-party who has designated material as Confidential Information from agreeing to release any of the Confidential Information from the requirements of this Order.

\*\*\*

**ORDER**

IT IS SO ORDERED.

DATED: November , 2009

Timothy S. Hogan
United States Magistrate Judge

10

DATED: November 15, 2009

| KATZ GREENBERGER & NORTON LLP | MORGAN, LEWIS & BOCKIUS LLP |
|---|---|
| By: /s/___Stephen I. Imm___ | By: /s/ Brian T.Ortolere____ |
| Stephen E. Imm<br>105 E. Fourth Street, Suite 400<br>Cincinnati, OH 45202<br>Telephone: 513.721.5151<br>E-mail: SEI@kgnlaw.com | Brian T. Ortolere*<br>Jeremy P. Blumenfeld*<br>Sarah E. Pontoski*<br>Victoria L. Gorokhovich*<br>1701 Market Street<br>Philadelphia, Pennsylvania 19103<br>Telephone: 215.963.5000<br>Facsimile: 215.963.5001<br>E-mail: bortolere@morganlewis.com<br>      jblumenfeld@morganlewis.com<br>      vgorokhovich@morganlewis.com<br>*Admitted *Pro Hac Vice* |
| HARWOOD FEFFER LLP | JONES DAY |
| By: /s/___Jeffrey M, Norton_____ | By: /s/ _J. Todd Kennard____ |
| Robert I. Harwood<br>Jeffrey M. Norton<br>488 Madison Avenue, 8th Floor<br>New York, New York 10022<br>Telephone: 212.935.7400<br>Fax:     212.753.3630<br>E-mail: jnorton@hfesq.com | J. Todd Kennard (Ohio Bar # 0068441)<br>325 John H. McConnell Boulevard, Suite 600<br>Columbus, Ohio 43215<br>Telephone: 614.469.3939<br>Facsimile: 614.461.4198<br>E-mail: jtkennard@jonesday.com<br><br>John M. Newman, Jr. (Ohio Bar # 0005763)<br>  Of Counsel<br>Geoffrey J. Ritts (Ohio Bar # 0062603)<br>  Of Counsel<br>North Point<br>901 Lakeside Avenue<br>Cleveland, Ohio 44114<br>Telephone: 216.586.3939<br>Facsimile: 216.579.0212<br>E-mail: jnewman@jonesday.com<br>     gjritts@jonesday.com |
| MILBERG LLP | *Attorneys for All Defendants* |
| By: /s/ Arvind B. Khurana___<br><br>Lori G. Feldman<br>Arvind Khurana | |

12

| | |
|---|---|
| Christopher Polaszek<br>Sara E. Fuks<br>One Pennsylvania Plaza, 49th Floor<br>New York, New York 10119<br>Telephone: 212.594.5300<br>Facsimile: 212.868.1229<br>E-mail: lfeldman@milberg.com<br>akhurana@milberg.com<br>cpolaszek@milberg.com<br>sfuks@milberg.com | |
| **LAW OFFICE OF ALFRED G. YATES, JR., P.C.**<br><br>By: /s/ _Alfred G. Yates, Jr._<br><br>Alfred G. Yates, Jr.<br>Gerald Louis Rudledge<br>519 Allegheny Blvd.<br>429 Forbes Avenue<br>Pittsburgh, PA 15219<br>Telephone: 412.391.5164<br>Facsimile: 412.471.1033<br>E-mail: yateslaw@aol.com | |
| *Attorneys for Plaintiffs* | |

13

## EXHIBIT A

Agreement to be Bound by Protective Order

I have read the Stipulation and Protective Order governing the treatment of confidential documents in the case *Shanehchian v. Macy's, Inc.*, et al., No. 1:07 cv 00828-SAS-TSH, , and I understand the responsibilities and obligations the Stipulation and Protective Order imposes on persons to whom Confidential Material is disclosed. In order to permit the disclosure of Confidential Material to me, I hereby agree to comply with the terms of the Protective Order.

This _____ day of _____, 200_.

_____

14