UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| EBRAHIM SHANEHCHIAN, Individually and on behalf of all others similarly situated, | NO. 1:07-CV-00828 |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| MACY'S, INC. et al., | |
| Defendants. | |

This matter is before the Court on Intervenors Anita Johnson's, Donald Snyder's and Joseph Stengel's Motion to Intervene as Class Representatives (doc. 66) and the responsive pleadings. For the reasons indicated herein, the Court GRANTS Intervenors' Motion.

On August 30, 2005, Defendant Macy's completed a merger with The May Department Stores ("May"), acquiring nearly 500 May department stores (doc. 27). According to the Complaint, after the acquisition, Macy's "made a series of material representations and omissions regarding [Macy's] declining sales growth and its failures in converting the newly acquired May stores into Macy's brand stores...which caused Macy's common stock to trade at artificially inflated levels" (Id.). Plaintiff filed this class action, asserting claims under Section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 (Id.). Plaintiff claims that Defendants were fiduciaries of certain ERISA

plans, and that they breached their fiduciary duties under ERISA by allowing the Plans to invest in Macy's stock, and by encouraging plan participants to invest in Macy's stock (Id.). Plaintiff alleges that as a result of Defendants' ERISA violations, Plaintiff and members of the proposed class suffered substantial losses of retirement savings and anticipated retirement income (Id.).

Plaintiff filed a Motion to Certify Class on October 13, 2009 (doc. 65), and on the same day the instant Motion to Intervene was filed (doc. 66). Defendants have not yet responded to Plaintiff's Motion to Certify Class, but did file a Response to Motion to Intervene as Class Representatives (doc. 67), to which Plaintiff filed a Reply (doc. 70). The Motion to Intervene is now ripe for the Court's consideration.

The proposed intervenors are former Macy's employees, participants under the relevant ERISA plans, and have suffered financial losses as alleged in the Complaint (doc. 66). They seek to intervene and be designated as class representatives to strengthen and enhance the representation of the plaintiff class (Id.). Their claims are identical to those presented by Plaintiff in his Complaint, and they are represented by Plaintiff's counsel (Id.). Each is prepared to dedicate the necessary time and effort to the prosecution of this case (Id.). The proposed intervenors urge the Court to grant their motion because Federal Rule of Civil Procedure authorizes intervention as of right or by leave of the

court, and the proposed intervenors argue their motion succeeds under either approach (Id., citing Fed. R. Civ. P. 24).

Defendants do not oppose intervention but used their response to the proposed intervenors' motion as an opportunity to express some of their arguments against class certification (doc. 67). The proposed intervenors take issue with that and urge the Court to strike Defendants' response in its entirety (doc. 70). Because the Court grants the proposed intervenors' motion, the Court will not strike Defendants' response, but neither will Defendants' arguments against class certification presented therein bear on the Court's decision here. The Court reminds Defendants that their arguments against class certification properly belong in their response to Plaintiff's Motion for Class Certification.

Under the Federal Rules of Civil Procedure, an outsider to a lawsuit may intervene as of right when the outsider "claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may . . . impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a). The proposed intervenors have satisfied the Court that their application is timely; that they claim an interest relating to any potential relief that Plaintiff might obtain in this matter; that their interests could be impaired

if they were not permitted to intervene; and that their intervention will not unduly delay or inconvenience the Court or the parties to this matter. The Court finds that proposed intervenors also satisfy the requirements of permissive intervention. See Fed. R. Civ. P. 24(b)(1)(B).

For the reasons set forth above, and in the interests of justice, the Court GRANTS Intervenors Anita Johnson's, Donald Snyder's and Joseph Stengel's Motion to Intervene as Class Representatives (doc. 66).

SO ORDERED.

Dated: 12/8/09

S/ Arthur Spiegel
United States Senior District Judge