UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EBRAHIM SHANEHCHIAN, et al., : NO: 1:07-CV-00828
:
     Plaintiffs, :
: **OPINION AND ORDER**
     v. :
:
MACY'S, INC., et al., :
:
     Defendants. :

     This matter is before the Court on Defendants' Motion for Partial Summary Judgment and for Partial Judgment on the Pleadings (doc. 132) and the responsive memoranda (docs. 151, 162). The Court held a hearing on Defendants' Motion on April 21, 2011.

     In brief, participants in the profit-sharing plans administered by Defendants allege that fiduciaries of the plans at issue failed to perform their fiduciary duties where the company's stock was falsely inflated, and the fiduciaries nonetheless allowed the plans' participants to invest in company stock. Plaintiff's amended complaint asserts claims under Section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 for breach of duty of prudence (Count I), failure to monitor (Count II), breach of fiduciary duty based on misrepresentations (Count III), breach of duty of loyalty (Count V), and co-fiduciary liability (Count V).[1]

---

[1] The amended complaint also included a prohibited transaction count, which was dismissed by the Court on August 9,

Defendants have moved for summary judgment on Plaintiffs' prudence-related claims (Counts I, II, IV and V) on the basis that Plaintiffs have failed to rebut the presumption of reasonableness that Defendants' actions are entitled to. For support, they rely exclusively on Kuper v. Iovenko, 66 F.3d 1447 (6th Cir. 1995). Defendants have also moved for partial judgment on the pleadings on all of Plaintiffs' claims to the extent that they encompass periods before February 8, 2007 and after August 15, 2007 because, they assert, Plaintiffs have not alleged plausible claims with respect to those time periods.

On March 10, 2011, the Court conditionally certified the following class:

> All participants in or beneficiaries of the Macy's, Inc. Profit Sharing 401(k) Investment Plan and the May Department Stores Company Profit Sharing Plan at any time from February 27, 2005, through and including the present, whose accounts included investments in Macy's stock and were damaged thereby. The Class specifically excludes Defendants, members of the Defendants' immediate families, any officer, director, or partner of any Defendant, any entity in which a Defendant has a controlling interest, and the heirs, successors or assigns of the foregoing.

Pursuant to Federal Rule of Civil Procedure 23(f), on March 24, 2011, Defendants filed with the Sixth Circuit Court of Appeals a petition to file an interlocutory appeal on the Court's class certification order.

---

2009.

At the April 21, 2011, hearing, Defendants urged the Court to stay its decision on the pending motions until the Court of Appeals has decided whether it will hear the interlocutory appeal and, if so, until it has issued its decision.  Plaintiffs agreed that staying a decision on the pending motion for partial judgment on the pleadings would be advisable but argued that staying a decision on the summary judgment motion was not necessary because, Plaintiffs asserted, they are also proceeding as a derivative action, and thus the issues raised in the summary judgment motion would be at play even if the Court of Appeals overruled the Court's class certification order.

The Court finds that staying both currently-pending motions best serves judicial economy.  First, Defendants' motion seeking partial judgment on the pleadings would be moot if the Court of Appeals overrules this Court's class certification, and, upon representations of counsel, many of the same issues raised in the motion have been raised before the appellate court.  Second, although Plaintiffs assert they are also proceeding as a derivative action, the Court reads Plaintiffs' complaint to be a complaint for a class action, which the Court has certified.  It may well be that Plaintiffs could proceed derivatively on behalf of the Plans as individuals should the Court of Appeals overrule the Court's class certification, but that is a bridge uncrossed at this stage.  Given the overlap of issues presented by the motion for summary judgment

3

and the issues presented to the Court of Appeals through the sought-after interlocutory appeal, holding Defendants' motions in abeyance until after the Court of Appeals has rendered a final decision with respect to the petition before it is the wisest course of action.

Consequently, pursuant to Federal Rule of Civil Procedure 23(f), the Court STAYS its decision on Defendants' Motion for Partial Summary Judgment and for Partial Judgment on the Pleadings (doc. 132) until such time as the Sixth Circuit Court of Appeals either denies Defendants' petition for an interlocutory appeal on the issue of class certification or grants the petition and decides the appeal. Further, the Court STAYS discovery in this matter until further notice.

SO ORDERED.

Dated: April 27, 2011          s/S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge