UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EBRAHIM SHANEHCHIAN, et al.,     )
                               )
            Plaintiff,     )
                               )   Case No. 1:07-cv-00828-SAS-SKB
                               )
      v.                      )   Judge S. Arthur Spiegel
                               )   Magistrate Judge Stephanie K. Bowman
MACY'S, INC. et al.,          )
                               )
           Defendants.     )
                               )

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") is submitted in the

above-captioned action (the "Action"), pursuant to Rule 23(e) of the Federal Rules of Civil

Procedure.  Subject to the approval of the United States District Court for the Southern District of

Ohio, Western Division, this Stipulation is entered into by and between Anita Johnson, Donald

Snyder, and Joseph Stengel (the "Class Representatives") on behalf of themselves, the Class (as

below defined), the Macy's, Inc. Profit Sharing 401(k) Investment Plan (the "Macy's Plan"), and

the May Department Stores Company Profit Sharing Plan (the "May Plan") (together, the "Plans")

(with the Class Representatives, the Class, and the Plans, "Plaintiffs"), on the one hand; and

Macy's, Inc. ("Macy's") the Plan Committee for the Macy's, Inc. Profit Sharing 401(k)

Investment Plan and the May Department Stores Company Profit Sharing Plan (the "Committee"),

and Karen M. Hoguet, Terry L. Lundgren, Meyer Feldberg, Sara Levinson, Joseph Neubauer,

Joseph A. Pichler, Joyce M. Roche, Karl M. von der Heyden, Craig E. Weatherup, Marna C.

Whittington, William Stiritz, Stephen F. Bollenbach, Deirdre P. Connelly, Stephen J. O'Bryan,

Robert G. Zimmer, Dave Clark, Dick Brickson, R.B. Harrison, Tony Spring, Ron Tysoe, Jim

1

Gray, and Mike Osborn (collectively, the "Individual Defendants") (with Macy's and the Committee, "Defendants"), on the other (with Plaintiffs, the "Parties").

## PREAMBLE

A.     On October 3, 2007, Ebrahim Shanehchian commenced this Action on behalf of a purported class of Plan participants.  The Class Representatives later intervened as named plaintiffs and filed an Amended Complaint.  They asserted claims for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, arising out of Defendants' administration of the Plans following Macy's acquisition of the May Department Stores Company in August 2005, including claims related to the prudence and performance of the Plans' investment options and claims related to Defendants' disclosures to Plan participants.  By this Action, Plaintiffs seek to recover alleged losses to the Plans, as well as equitable, injunctive and other monetary relief, including attorneys' fees.  Defendants deny any liability or wrongdoing of any kind associated with the claims alleged in the Action.

B.     On March 10, 2011, the Court conditionally certified the Action as a class action pursuant to Rules 23(a) and 23(b)(1) of the Federal Rules of Civil Procedure, appointed the Class Representatives to represent the conditionally certified class and designated the law firms of Harwood Feffer LLP, Milberg LLP, and Katz, Greenberger & Norton, LLP as co-lead class counsel.

C.     The Parties have reached agreement to settle any and all claims that were or could have been raised in the Action on the terms and conditions set forth in this Stipulation and its Exhibits (the "Settlement").

D.     The Settlement shall not be deemed or construed as evidence of any admission or concession by any Party as to the merit or lack of merit of any claim or defense that has or could have been asserted in the Action, or as evidence of any fault, liability or wrongdoing on the part of any Defendant.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and between Plaintiffs and Defendants, through their respective counsel, subject to approval of the Court pursuant to Rule 23(e), and in consideration of the benefits flowing to the Parties from the Settlement, that all Settled Claims and all Settled Defendants' Claims shall be compromised, settled, released and dismissed with prejudice upon and subject to the following terms and conditions:

1.     **DEFINITIONS**

As used in this Stipulation, capitalized terms and phrases not otherwise defined herein have the meanings provided below:

1.1     "CAFA Notices" means and refers to the notices which are to be prepared and sent by Defendants to the appropriate state and federal officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, substantially in the forms attached at Exhibit D (not including their attachments).

1.2     "Class" means a non-opt-out class consisting of all individuals who were Participants in either the Macy's Plan or the May Plan at any time during the Class Period whose Plan account included an investment in the Macy's Company Stock Fund at any time during that period. The Class specifically excludes the Individual Defendants, their Immediate Family, and all current officers and directors of Macy's.

3

1.3     "Class Exemption" means the Prohibited Transaction Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended.

1.4     "Class Member" means a member of the Class.

1.5     "Class Period" means the period of time from February 27, 2005 through and including July 24, 2012.

1.6     "Class Representatives" means Anita Johnson, Donald Snyder, and Joseph Stengel.

1.7     "Court" means the United States District Court for the Southern District of Ohio, Western Division.

1.8     "Defendants" means Macy's, the Committee and the Individual Defendants.

1.9     "Defendants' Counsel" means the law firms of Morgan, Lewis & Bockius LLP and Jones Day.

1.10     "Diversification Brochure" means and refers to a document describing the benefits of maintaining a well-diversified retirement portfolio and the risks associated with investments in the Macy's Company Stock Fund.  The Diversification Brochure shall be drafted and approved by Defendants, with the assistance of the Macy's Plan administrator, and shall be distributed in accordance with Paragraph 3.1.4.

1.11 "Effective Date" means the date, established pursuant to Paragraph 8.1, on which all of the conditions to the Settlement set forth in Paragraph 8.1 have been fully satisfied or waived, and the Settlement becomes Final.

1.12 "Escrow Agent" means the law firms of Milberg LLP and Harwood Feffer LLP.

1.13 "Fairness Hearing" means the hearing to be held by the Court to determine, among other things, whether to finally approve the Settlement, as contemplated by Paragraph 7 of the form of Order for Notice and Hearing attached hereto as Exhibit A.

1.14 "Final," with respect to the Judgment, means the date on which the time for filing or noticing an appeal therefrom expires or, if an appeal from the Judgment is filed, the date on which the Judgment is affirmed by the highest court to which it is taken or the time for filing or noticing any further appeal or petition for review expires, whichever occurs latest. Appellate proceedings pertaining solely to Plaintiffs' Co-Lead Counsel's application for attorneys' fees, costs or expenses and/or the Plan of Allocation shall not delay or preclude the Judgment from becoming Final.

1.15 "Gross Settlement Fund" shall have the meaning set forth in Paragraph 3.2.

1.16 "Immediate Family" means spouses, parents, grandparents, children, grandchildren, and siblings.

1.17 "Independent Fiduciary" means a fiduciary of the Plans retained by Defendants that has no "relationship to" or "interest in" (as those terms are used in the Class Exemption) the Class Representatives or Defendants, to evaluate the fairness of the

Settlement to the Plans and to issue the release set forth in Paragraph 2.2 on the Plans' behalf.

1.18 "Individual Defendants" means Karen M. Hoguet, Terry L. Lundgren, Meyer Feldberg, Sara Levinson, Joseph Neubauer, Joseph A. Pichler, Joyce M. Roche, Karl M. von der Heyden, Craig E. Weatherup, Marna C. Whittington, William Stiritz, Stephen F. Bollenbach, Deirdre P. Connelly, Stephen J. O'Bryan, Robert G. Zimmer, Dave Clark, Dick Brickson, R.B. Harrison, Tony Spring, Ron Tysoe, Jim Gray, and Mike Osborn.

1.19 "Judgment" means an order finally approving the Settlement and finding that notice to the appropriate state and federal officials has been provided as required by, and that Defendants have satisfied their obligations under, CAFA. A proposed form of the Judgment is attached hereto as Exhibit B.

1.20 "Macy's" means Macy's, Inc.

1.21 "Long-Form Notice" means and refers to the notice which is to be posted on the Settlement Website substantially in the form of Exhibit 2 to Exhibit A.

1.22 "Mail Notice" means and refers to the notice which is to be sent to members of the Class substantially in the form of Exhibit 1 to Exhibit A.

1.23 "Net Settlement Fund" has the meaning set forth in Paragraph 3.4.

1.24 "Order for Notice and Hearing" means an order by the Court preliminarily approving the Settlement; directing notice of the Settlement to the Class; finding that the

CAFA Notices comply with the requirements of CAFA and will, upon mailing, discharge

Defendants' obligations under CAFA; and scheduling the Fairness Hearing. A proposed

form of the Order for Notice and Hearing is attached hereto as Exhibit A.

1.25 "Participant" means any individual who, at any time during the Class

Period, was a "participant" of the Macy's Plan or the May Plan, as defined in 29 U.S.C.

§ 1002(7); (2) a "beneficiary" of a deceased "participant," as defined in 29 U.S.C. §

1002(8); or (3) an alternate payee of a "participant" under a qualified domestic relations

order, as defined in 29 U.S.C. § 1056(d)(3).

1.26 "Parties" means the Plaintiffs and the Defendants.

1.27 "Person" means an individual, partnership, corporation, governmental

entity or any other form of entity or organization.

1.28 "Plaintiffs" means the Class Representatives, the Class and the Plans.

1.29 "Plaintiffs' Co-Lead Counsel" means the law firms of Harwood Feffer LLP,

Milberg LLP, and Katz, Greenberger & Norton, LLP.

1.30 "Plaintiffs' Counsel" means Plaintiffs' Co-Lead Counsel and the Law

Offices of Alfred G. Yates, Jr.

1.31 "Plans" means the Macy's Plan and the May Plan.

1.32 "Plan of Allocation" means a plan for allocating the Net Settlement Fund to

the Class that is approved by the Court. A proposed Plan of Allocation is attached hereto as

Exhibit C.

7

1.33   "Predecessor" means, as to any Person (the "Subject Person"), another Person as to whom the Subject Person is a Successor-in-Interest.

1.34   "Publication Notice" means and refers to the summary notice which is to be published to the media substantially in the form of Exhibit 3 to Exhibit A.

1.35   "Released Parties" means the Defendants, every Person who, at any time during the Class Period, was a director, officer, employee or agent of Macy's or a trustee or fiduciary of either of the Plans, together with, for each of the foregoing, their Predecessors, Successors-In-Interest, present and former Representatives, direct or indirect parents and subsidiaries, affiliates, insurers, co-insurers, re-insurers, consultants, administrators, employee benefit plans, investment advisors, investment bankers, underwriters, and any Person that controls, is controlled by, or is under common control with any of the foregoing.

1.36   "Representatives" means attorneys, agents, directors, officers, and employees.

1.37   "Settled Claims" means any and all claims, debts, demands, rights, causes of action, suits, matters, issues and liabilities (including, but not limited to, any and all claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, including both known claims and Unknown Claims, against any of the Released Parties that (a) were asserted in the Action, including, but not limited to, all claims relating to Macy's stock or

8

the Macy's Company Stock Fund in the Plans, and all claims relating to the disclosure or non-disclosure of information with respect to Macy's stock, the Macy's Company Stock Fund, or any of the Plans' other investment options, during the Class Period; or (b) could have been asserted in the Action and relate to investments in Macy's stock, the Macy's Company Stock Fund, or any of the Plans' other investment options, including, but not limited to, all claims that relate to the prudence, fees, cost or performance of Macy's stock, the Macy's Company Stock Fund or any of the Plans' other investment options, at any time during the Class Period. Notwithstanding the foregoing, "Settled Claims" does not include any claims, rights, causes of action or liabilities (i) related to enforcement of the Settlement, including any claims related to the Parties' obligations under this Stipulation and its Exhibits; or (ii) under the Securities Exchange Act of 1934, 15 U.S.C. §78a et seq., and the rules and regulations promulgated thereunder.

1.38 "Settled Defendants' Claims" means any and all claims, rights, causes of action or liabilities, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, against the Class Representatives and/or Plaintiffs' Counsel that arise out of or relate in any way to the institution or prosecution of the Action. Notwithstanding the foregoing, "Settled Defendants' Claims" does not include claims, rights, causes of action or liabilities related to the enforcement of the Settlement, including any claims related to the Parties' obligations under this Stipulation and its Exhibits.

1.39 "Settlement" means the negotiated resolution of the Action and related releases set forth in this Stipulation and its Exhibits.

1.40    "Settlement Administrator" means Berdon Claims Administration LLC, the firm retained by Plaintiffs' Counsel to administer the Settlement.

1.41    "Settlement Amount" means Eight Million Five Hundred Thousand Dollars and No Cents ($8,500,000.00) in cash.

1.42    "Settlement Fund" has the meaning set forth in Paragraph 3.1.2.

1.43    "Settlement Website" means the website to be established or maintained by the Settlement Administrator where the Class Members can obtain copies of the Long-Form Notice, this Stipulation and the Plan of Allocation, as described in the Mail Notice.

1.44    "Stipulation" means this Stipulation and Agreement of Settlement.

1.45    "Successor-In-Interest" means a Person's estate, legal representatives, heirs, successors or assigns, including successors or assigns that result from corporate mergers or other structural changes to business entities.

1.46    "Taxes" means (i) any and all applicable taxes, duties and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, (A) with respect to the income or gains earned by or in respect of the Gross Settlement Fund, including, without limitation, any taxes that may be imposed upon Defendants or Defendants' Counsel with respect to any income or gains earned by or in respect of the Gross Settlement Fund for any period during which it does not qualify as a Qualified Settlement Fund for federal or state income tax purposes; or (B) by way of withholding as required by applicable law on any distribution by the Escrow

10

Agent of any portion of the Gross Settlement Fund to any Persons entitled thereto pursuant to this Stipulation; and (ii) any and all expenses, liabilities and costs incurred in connection with the taxation of the Gross Settlement Fund (including without limitation, expenses of tax attorneys and accountants). For the purposes of clause (i)(A) of this Paragraph, taxes imposed on Defendants shall include amounts equivalent to taxes that would be payable by Defendants but for the existence of relief from taxes by virtue of loss carryforwards or other tax attributes, determined by Defendants, acting reasonably.

1.47 "Unknown Claims" means any and all Settled Claims which any of the Class Representatives or Class Members does not know or suspect to exist in his, her or the Plans' favor as of the Effective Date and any Settled Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor as of the Effective Date, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Settled Defendants' Claims, the Parties stipulate and agree that, as of the Effective Date, the Class Representatives and the Defendants expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state of the United States, or principle of common law or otherwise, which is subject to, similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Class Representatives and Defendants acknowledge, and Class Members by operation of law

shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition

of Settled Claims and Settled Defendants' Claims was separately bargained for and was a key

element of the Settlement.

2.   **SCOPE AND EFFECT OF SETTLEMENT**

2.1   The obligations incurred by the Parties pursuant to this Stipulation shall be

in full and final disposition of the Action, any and all Settled Claims and any and all Settled

Defendants' Claims.

2.2   Upon the Effective Date of the Settlement, the Class Representatives, the

Plans, the Class Members, on behalf of themselves and their Representatives, heirs,

executors, administrators, trustees, Predecessors, Successors-In-Interest, and assigns (in

their capacities as such), release and forever discharge and are forever enjoined from

prosecuting any Settled Claim against any of the Released Parties and covenant not to sue

any of the Released Parties with respect to any of the Settled Claims.  No Released Party

shall seek any remedy for assertion of Settled Claims by any Class Member other than the

Class Representatives until at least ten (10) days after providing such Class Member with

written notice of his or her release of, and the injunction against asserting, Settled Claims

and demanding such Class Member to desist from any conduct in violation thereof.

2.3   Upon the Effective Date of the Settlement, Defendants, on behalf of

themselves, the other Released Parties and their Representatives, heirs, executors,

administrators, trustees, Predecessors, Successors-In-Interest, and assigns (in their

capacities as such) release and forever discharge and are forever enjoined from prosecuting

the Settled Defendants' Claims against the Class Representatives and/or Plaintiffs' Counsel.

3.      **SETTLEMENT CONSIDERATION**

3.1      In consideration of the release, discharge, and injunction set forth in Paragraph 2.2:

3.1.1    within thirty (30) days following execution of this Stipulation, Defendants shall cause their insurer, Chartis, to deposit the Settlement Amount into an interest-bearing escrow account controlled by Chartis.

3.1.2    within ten (10) days following the Court's preliminary approval of the Settlement, Defendants shall cause Chartis to transfer the escrowed funds into an interest-bearing escrow account (the "Settlement Fund") established by Plaintiffs' Co-Lead Counsel to serve as a depository for the Settlement Amount; and

3.1.3    if payment is due under Paragraph 3.1.2 before payment has been made under Paragraph 3.1.1, then payment shall be made by Chartis directly into the Settlement Fund within the longer of the time periods set forth in Paragraphs 3.1.1 and 3.1.2.

3.1.4    within one (1) year after the Net Settlement Fund is transferred and/or distributed by the Escrow Agent pursuant to Paragraph 3.5, Defendants shall cause the Macy's Plan administrator to distribute the Diversification Brochure to all current Plan participants by first-class mail.

3.2     All interest earned on the funds deposited into the Settlement Fund shall accrue to the Settlement Fund.  The Settlement Fund, together with all interest earned thereon, shall constitute the Gross Settlement Fund.

3.3     The Gross Settlement Fund shall be deemed to be in the custody of the Court and shall be held by the Escrow Agent exclusively for the purposes described in Paragraphs 3.3 and 3.4 until such time as the Net Settlement Fund is distributed pursuant to Paragraph 3.5 or otherwise by order of the Court.  The Escrow Agent shall invest all funds in excess of $250,000 in short-term U.S. Treasury securities, securities issued by United States agencies or fully insured by the Federal Deposit Insurance Corporation ("FDIC"), deposits and certificates of deposit fully insured by the FDIC and backed by the full faith and credit of the U.S. Treasury, and short term debt or commercial paper fully guaranteed by the FDIC under the Temporary Liquidity Guaranty Program and backed by the full faith and credit of the U.S. Treasury, and shall collect and reinvest in the Gross Settlement Fund all earnings accrued thereon.  Any funds held by the Escrow Agent in an amount of less than $250,000 may be held in a bank account or Certificates of Deposit insured by the FDIC or may be invested as funds in excess of $250,000 are invested.  The Parties agree that the Gross Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1, and that the Escrow Agent as administrator of the Gross Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Gross Settlement Fund and for paying from the Gross Settlement Fund the costs, fees, expenses, awards and Taxes described in Paragraph 3.4.  The Parties agree that the Gross Settlement Fund shall be treated as a Qualified Settlement Fund from the earliest date

possible, and agree to any relation-back election required to treat the Gross Settlement Fund as a Qualified Settlement Fund from the earliest date possible. Defendants agree to promptly provide to the Escrow Agent the statement described in Treasury Regulation § 1.468B-3(e).

      3.4     The Gross Settlement Fund shall be used to pay (i) the costs referred to in Paragraph 4.2(a); (ii) any Taxes pursuant to Paragraphs 3.4 and 4.2(b); (iii) any attorneys' fees and expenses awarded to Plaintiffs' Co-Lead Counsel by the Court pursuant to Paragraph 5.1; and (iv) any case contribution awards awarded to the Class Representatives and plaintiff Ebrahim Shanehchian by the Court pursuant to Paragraph 5.2. The balance of the Gross Settlement Fund shall constitute the Net Settlement Fund. Defendants, Defendants' Counsel, the Released Parties, and Chartis shall have no obligation to pay any monies towards the Settlement other than the Settlement Amount. To the extent any additional and/or unanticipated costs or expenses are incurred in carrying out the Settlement, such costs or expenses shall be deducted from the Gross Settlement Fund. All Taxes shall be paid out of the Gross Settlement Fund, shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior order of the Court. The Escrow Agent shall, to the extent required by law, be obligated to withhold from any distributions to any Person entitled thereto pursuant to this Stipulation any funds necessary to pay Taxes, including the establishment of adequate reserves for Taxes as well as any amount that may be required to be withheld under Treasury Regulation § 1.468B-(1)(2) or otherwise under applicable law in respect of such distributions. Plaintiffs' Co-Lead Counsel shall provide to Defendants' Counsel copies of

all tax returns filed with respect to the Gross Settlement Fund promptly upon the filing thereof, and evidence of the payment of Taxes as and when all such payments are made.

3.5    After the Effective Date and after payment of all costs, awards and Taxes described in Paragraph 3.4, the Net Settlement Fund shall be transferred and/or distributed by the Escrow Agent in accordance with the approved Plan of Allocation.

3.6    None of the Defendants, Defendants' Counsel, the Released Parties or Chartis shall have any responsibility for or liability whatsoever with respect to (i) any act, omission or determination of Plaintiffs' Co-Lead Counsel or the Settlement Administrator, or any of their respective designees, agents or employees, in connection with the administration of the Settlement or otherwise; (ii) the identification of addresses for, or the mailing of notices to, the Class Members; (iii) the management, investment or distribution of the Settlement Fund; (iv) the formulation, design or terms of the Plan of Allocation or any calculations performed pursuant thereto; (v) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (vi) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (vii) the payment or withholding of any Taxes, expenses and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.  Further, the Gross Settlement Fund shall indemnify and hold Defendants, Defendants' Counsel, the Released Parties and Chartis harmless for any loss or liability of any kind arising, directing or indirectly, out of any of the acts, omissions or circumstances described in this Paragraph 3.6, as well as for reasonable attorneys' fees incurred in connection with efforts to enforce this indemnity and any taxes payable by reason of any such indemnification payments.

4.    **ADMINISTRATION**

4.1    The Settlement Administrator shall administer the Settlement subject to the jurisdiction of the Court.

4.2    Following entry of the Order for Notice and Hearing, the Escrow Agent may pay from the Gross Settlement Fund, without further approval from the Court or Defendants, (a) all reasonable costs and expenses associated with effecting mailing of the Mail Notice, responding to requests for the Long-Form Notice and effecting publication of the Publication Notice as ordered by the Court, including without limitation, the actual costs of printing and mailing the Mail Notice and Long-Form Notice and publication of the Publication Notice, and (b) all Taxes.  In the event that the Settlement is terminated, the amounts expended pursuant to this Paragraph 4.2 shall not be returned to Chartis.

4.3    Defendants shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms and not otherwise prohibited by law, including by providing without charge information that is reasonably available to them to assist the Settlement Administrator in identifying the Class Members and the transactions in the Plans necessary to carry out the terms of the Settlement.  The information will be provided to the Settlement Administrator in an electronic form, to the extent it exists in such a format or can otherwise be readily obtained.

4.4    On the timetable and in the manner set by the Court in the Order for Notice and Hearing, the Settlement Administrator shall cause the Mail Notice to be sent to all members of the Class.

4.5     Defendants shall serve the CAFA Notices at their own expense within ten

(10) days after this Stipulation is filed with the Court in accordance with CAFA, and file

proof thereof with the Court.

## 5.     **ATTORNEYS' FEES AND EXPENSES**

5.1     Plaintiffs' Co-Lead Counsel will apply to the Court for an award, to be paid

out of the Gross Settlement Fund, of no more than thirty percent (30%) of the Settlement

Amount for Plaintiffs' attorneys' fees, plus reimbursement of their reasonable expenses,

plus interest on the amount awarded from the date the Settlement Fund was funded to the

date of payment to Plaintiffs' Co-Lead Counsel at the same net rate that the Settlement

Fund earns.  Any amount awarded by the Court shall be payable by the Escrow Agent

immediately upon entry of the order making the award, notwithstanding the existence of

any timely-filed objections thereto, the potential for appeal therefrom, or any existing or

possible collateral attack on the Settlement or any part thereof; provided, however, that if

the Settlement is terminated or the amount awarded by the Court pursuant to this Paragraph

is judicially reduced or reversed for any reason, Plaintiffs' Co-Lead Counsel shall, within

ten (10) business days, refund the Settlement Fund the amount to which Plaintiffs' Counsel

is no longer entitled, plus accrued interest on that amount at the same rate as is earned by

the Settlement Fund; and provided further that Plaintiffs' Counsel, other than Plaintiffs'

Co-Lead Counsel shall, as a condition to receiving payment, execute an undertaking in a

form satisfactory to Plaintiffs' Co-Lead Counsel and Defendants' Counsel acknowledging

such refund obligation and providing adequate security therefor.  Plaintiffs' Co-Lead

Counsel shall allocate any amount awarded by the Court pursuant to this Paragraph

amongst Plaintiffs' Counsel in a manner in which they in good faith believe reflects their respective contributions.

5.2     Plaintiffs' Co-Lead Counsel may also apply to the Court for case contribution awards of no more than Five Thousand Dollars and No Cents ($5,000.00) to each of the Class Representatives and of no more than One Thousand Dollars and No Cents ($1,000.00) to plaintiff Ebrahim Shanehchian for their respective contributions to the prosecution and settlement of the Action.  Any case contribution awards awarded by the Court shall be paid out of the Gross Settlement Fund by the Escrow Agent within a reasonable time after the Effective Date of the Settlement.

5.3     None of the Defendants, Defendants' Counsel, the Released Parties or Chartis shall have any responsibility for or liability whatsoever with respect to (i) any awards made by the Court pursuant to Paragraphs 5.1 and 5.2, which shall be payable exclusively from the Gross Settlement Fund; or (ii) the allocation of any award made by the Court pursuant to Paragraph 5.1 among Plaintiffs' Counsel.  Further, the Gross Settlement Fund shall indemnify and hold Defendants, Defendants' Counsel, the Released Parties and Chartis harmless for any loss or liability of any kind arising, directing or indirectly, out of the payment, non-payment or allocation of the awards described in this Paragraph 5.3, as well as for reasonable attorneys' fees incurred in connection with efforts to enforce this indemnity and any taxes payable by reason of any such indemnification payments.

6.      **TERMS OF ORDER FOR NOTICE AND HEARING**

6.1     Promptly after this Stipulation has been fully executed, Plaintiffs' Co-Lead Counsel and Defendants' Counsel shall request that the Court enter the Order for Notice

19

and Hearing, which shall, among other things, certify the Class for purposes of the Settlement only.

## 7. TERMS OF ORDER AND FINAL JUDGMENT

7.1    If the Settlement is finally approved by the Court, Plaintiffs' Co-Lead Counsel and Defendants' Counsel shall request entry of the Judgment.

## 8. EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

8.1    The "Effective Date" of the Settlement shall be the date as of which all the following have occurred:

8.1.1    deposit into the Settlement Fund of the Settlement Amount in accordance with the provisions of Paragraph 3.1.2;

8.1.2    final approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

8.1.3    entry by the Court of the Judgment in all material respects in the form set forth in Exhibit B, and the Judgment becoming Final, or, in the event the Court enters Judgment in a form other than that set forth in Exhibit B and none of the Parties elects to terminate this Settlement pursuant to Paragraph 8.2 or 8.3, the date that such Judgment becomes Final; and

8.1.4    if any of the circumstances described in Paragraphs 8.2 and 8.3 occur, the expiration of the time to exercise the termination right(s) provided therein without any Party having done so.

8.2     The Class Representatives and Defendants shall each have the right to terminate the Settlement and thereby this Stipulation by providing written notice of their election to do so to the other within thirty (30) days after any of the following occurs: (a) the Court declining to enter the Order for Notice and Hearing in any material respect; (b) the Court declining to approve the Settlement as set forth in this Stipulation in any material respect; (c) the Court declining to enter Judgment as set forth in Paragraph 8.1.3; or (d) the date upon which the Judgment is modified or reversed in any material respect by any level of appellate court.

8.3     If the Defendants engage an Independent Fiduciary pursuant to Paragraph 10.5, Defendants shall also have the right to terminate the Settlement and thereby this Stipulation by providing written notice of their election to do so to the Class Representatives within thirty (30) days after receiving the report of the Independent Fiduciary if (i) the Independent Fiduciary has not approved the Settlement in accordance with the Class Exemption or stated that, in the judgment of the Independent Fiduciary, the Settlement would not constitute a prohibited transaction under Section 406 of ERISA; or (ii) the Plans, acting by and through the Independent Fiduciary, have not agreed in writing to grant the release set forth in Paragraph 2.2 upon the Effective Date.

8.4     Except as otherwise provided herein, in the event the Settlement is terminated, the Parties shall be deemed to have reverted to their respective status in the Action immediately prior to the execution of this Stipulation, and the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered.  None of Parties waive their pre-settlement litigation positions.  Furthermore, within ten (10) business days following any termination of the Settlement, the Escrow Agent shall return

to Chartis the Settlement Amount, together with any interest or other income earned thereon or in respect thereof, less (i) any Taxes paid or due with respect to such income,(ii) any reasonable costs of administration and notice actually incurred and paid or payable from the Settlement Fund, and (iii) any Taxes paid or payable from the Settlement Fund.

**9.     NO ADMISSION OF WRONGDOING**

9.1     This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

9.1.1    shall not be offered or received against any of the Defendants or Released Parties as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants or Released Parties with respect to the truth of any fact alleged in the Action, the validity of any claim that has been or could have been asserted in the Action or in any other litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault, or wrongdoing on the part of any of the Defendants or Released Parties;

9.1.2    shall not be offered or received against the Defendants or Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Defendants or Released Parties;

9.1.3    shall not be offered or received against the Defendants or Released Parties as evidence of a presumption, concession or admission of any liability, negligence, fault or wrongdoing on the part of any of the Defendants or Released Parties, or in any way

referred to or used for any other reason as against any of the Defendants or Released Parties in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if the Settlement is approved by the Court, the Defendants and Released Parties may refer to it to effectuate the liability protection granted to them by this Stipulation;

9.1.4    shall not be construed against any of the Parties as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after a trial in the Action; and

9.1.5    shall not be offered or received against any of the Class Representatives or Class Members as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any of the Class Representatives or Class Members with respect to the merit of any of the claims or defenses that were or could have been asserted in the Action or the amount of damages that could have been recovered in the Action.

## 10.    MISCELLANEOUS PROVISIONS

10.1    All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

10.2    If the Court requests or orders the Class Representatives or Defendants to supply non-privileged information in their possession as part of the Court's review of the Settlement, the Class Representatives and Defendants agree to promptly provide such information to the Court.

10.3    The Parties shall in good faith attempt to address any timely-filed objection to the Settlement, any objection or concern raised by the Independent Fiduciary, and any objection or concern raised by the Department of Labor, including, to the extent reasonably necessary and practicable, by promptly supplying any non-privileged information in their possession that has been reasonably requested.

10.4    In the event that (a)(i) a case is commenced under Title 11 of the United States Code as to any Defendant that contributed to the Settlement Amount or any insurer that did so on any Defendant's behalf; or (ii) a trustee, receiver, conservator, or other fiduciary is appointed with respect to any such Defendant or insurer under any similar law; and (b) a court of competent jurisdiction enters a final order finding such contribution or any portion thereof to be a preference, voidable transfer, fraudulent transfer or similar transaction and requiring such contribution or portion thereof to be returned; and (c) such amount is not promptly deposited into the Gross Settlement Fund by others, then, at the election of Plaintiffs' Co-Lead Counsel, the Parties shall jointly move the Court to terminate this Stipulation and to vacate the releases given and Judgment entered in favor of the Defendants.  Upon the granting of such motion, the Parties shall be restored to their respective positions in the litigation as of the day this Stipulation was fully executed. Plaintiffs' Counsel shall return any attorneys' fees and costs paid to them pursuant to this Settlement, and any cash amounts in the Gross Settlement Fund shall be returned as provided in Paragraph 8.4 above.

10.5    Should Defendants decide to engage an Independent Fiduciary to review the Settlement, Defendants will not do so without the advance written consent of Plaintiffs' Co-Lead Counsel, which consent shall not be unreasonably withheld.  The Independent

Fiduciary will make any and all determinations necessary to assess the applicability of the Class Exemption and whether to issue the release set forth in Paragraph 2.2 on behalf of the Plans.  Defendants shall pay all fees and expenses of the Independent Fiduciary.  All Parties shall cooperate in providing information to the Independent Fiduciary as requested. The report of the Independent Fiduciary's review of the Settlement will be submitted to the Parties and shall be filed with the Court at least ten (10) days before the deadline for objections to the Settlement.

10.6    The Parties intend for the Settlement to be a final and complete resolution of all of the Settled Claims and Settled Defendants' Claims.  Accordingly, the Parties agree not to assert in any forum that the Action was brought by the Class Representatives or defended by Defendants in bad faith or without a reasonable basis, or that any party violated Rule 11 of the Federal Rules of Civil Procedure in the course of the prosecution, defense, or settlement of the Action.  The Parties further agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's length in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

10.7    This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties, their Successors-in-Interest or their respective counsel.

10.8    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

10.9    The administration and consummation of the Settlement as embodied in this Stipulation and its Exhibits shall be under the authority of the Court, and the Court shall retain jurisdiction to decide the applications contemplated by Paragraphs 5.1 and 5.2 and to enforce the terms of the Settlement.

10.10   The waiver by any Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation by any Party.

10.11   This Stipulation and its Exhibits constitute the entire agreement among the Parties concerning the Settlement of the Action, and no representations, warranties, or inducements have been made by any Party concerning this Stipulation and its Exhibits other than those contained and memorialized in such documents.

10.12   This Stipulation may be executed in one or more counterparts, each of which shall be deemed to be an original, but all executed counterparts and each of them shall be deemed to be one and the same instrument.

10.13   This Stipulation binds and inures to the benefit of the Parties hereto, their assigns, heirs, administrators, executors, and Successors-In-Interest.

10.14   The construction and interpretation of this Stipulation shall be governed by federal law.

10.15   No part of this Stipulation or any of its Exhibits may be construed more strictly against any Party merely by virtue of the fact that such documents were drafted, in whole or in part, by counsel for that Party, it being recognized that the Stipulation and its

26

Exhibits are the result of arm's length negotiations between the Parties and that all Parties contributed substantially and materially to their preparation.

10.16   Counsel for the Parties and any other Person executing this Stipulation, any of its Exhibits, or any related documents, warrant and represent by doing so that they have the full authority to do so and to take all appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate the terms of the Settlement.

10.17   The Parties agree to cooperate in good faith with one another in seeking Court approval of the Settlement, including the Stipulation, its Exhibits and the Plan of Allocation, and to promptly negotiate in good faith with respect to any other agreements or documentation that may reasonably be required to obtain final approval of the Settlement by the Court.

10.18   Any notice, demand, or other communication required to be given under this Stipulation (other than the Mail Notice, Long-Form Notice, Publication Notice, or other notice given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail (postage prepaid), or delivered by reputable express overnight courier:

IF TO THE CLASS REPRESENTATIVES:

Robert I. Harwood                         Lori G. Feldman
Daniella Quitt                            Arvind B. Khurana
Samuel K. Rosen                           Christopher J. Orrico
HARWOOD FEFFER LLP                        MILBERG LLP
488 Madison Avenue                        One Penn Plaza
New York, NY  10022                       New York, NY  10119-0165

IF TO DEFENDANTS:

Brian T. Ortelere                    J. Todd Kennard
Jeremy P. Blumenfeld                 JONES DAY
Erica E. Flores                      325 John H. McConnell Boulevard
MORGAN, LEWIS & BOCKIUS LLP          Suite 600
1701 Market Street                   Columbus, OH  43216-5017
Philadelphia, PA  19103-2921

        Any Party may change the address at which it is to receive notice by written notice

delivered to the other Parties in the manner described above.

        10.19   This Stipulation may be executed by exchange of faxed or scanned

executed signature pages, and any signature thereby transmitted for the purpose of

executing this Stipulation shall be deemed an original signature for purposes of this

Stipulation.

        10.20   The date on which the final signature is affixed below shall be the date this

Stipulation is fully executed.

        IN WITNESS WHEREOF, the Parties have executed this Stipulation on the dates set forth

below.

FOR THE CLASS REPRESENTATIVES
AND THE CLASS:

DATED: _November 14, 2012_         _____
                                   Stephen E. Imm
                                   KATZ, GREENBERGER & NORTON, LLP
                                   105 East 4th Street, 4th Floor
                                   Cincinnati, OH  45202
                                   Phone: (513) 721-5151
                                   Fax:    (513) 621-9285
                                   sei@kgnlaw.com

                                   *Plaintiffs' Co-Lead Counsel*

DATED:_____          _____
                                     Robert I. Harwood
                                     Daniella Quitt
                                     Samuel K. Rosen
                                     HARWOOD FEFFER LLP
                                     488 Madison Avenue
                                     New York, NY  10022
                                     Phone: (212) 935-7400
                                     Fax:    (212) 753-3630
                                     rharwood@hfesq.com
                                     dquitt@hfesq.com
                                     srosen@hfesq.com

                                     *Plaintiff's Co-Lead Counsel*

DATED:_____          _____
                                     Lori G. Feldman
                                     Arvind B. Khurana
                                     Christopher J. Orrico
                                     MILBERG LLP
                                     One Penn Plaza
                                     New York, NY  10119-0165
                                     Phone: (212) 594-5300
                                     Fax:    (212) 868-1229
                                     lfeldman@milberg.com
                                     akhurana@milberg.com
                                     corrico@milberg.com

                                     *Plaintiffs' Co-Lead Counsel*

                                     *Of Counsel*

                                     Alfred G. Yates, Jr.
                                     Gerald L. Rutledge
                                     LAW OFFICE OF ALFRED G. YATES JR., PC
                                     519 Allegheny Building
                                     429 Forbes Avenue
                                     Pittsburgh, PA  15219
                                     Phone: (412) 391-5164
                                     Fax:    (412) 471-1033
                                     YatesLaw@aol.com

DATED:_____        _____
                                Robert I. Harwood
                                Daniella Quitt
                                Samuel K. Rosen
                                HARWOOD FEFFER LLP
                                488 Madison Avenue
                                New York, NY  10022
                                Phone: (212) 935-7400
                                Fax:    (212) 753-3630
                                rharwood@hfesq.com
                                dquitt@hfesq.com
                                srosen@hfesq.com

                                *Plaintiff's Co-Lead Counsel*

DATED: *11/13/12*               _____
                                Lori G. Feldman
                                Arvind B. Khurana
                                Christopher J. Orrico
                                MILBERG LLP
                                One Penn Plaza
                                New York, NY  10119-0165
                                Phone: (212) 594-5300
                                Fax:    (212) 868-1229
                                lfeldman@milberg.com
                                akhurana@milberg.com
                                corrico@milberg.com

                                *Plaintiffs' Co-Lead Counsel*

                                *Of Counsel*

                                Alfred G. Yates, Jr.
                                Gerald L. Rutledge
                                LAW OFFICE OF ALFRED G. YATES JR., PC
                                519 Allegheny Building
                                429 Forbes Avenue
                                Pittsburgh, PA  15219
                                Phone: (412) 391-5164
                                Fax:    (412) 471-1033
                                YatesLaw@aol.com

29

FOR DEFENDANTS:

DATED: Nov 14, 2012

_Jeremy P Blumenfeld /bts_

Brian T. Ortelere
Jeremy P. Blumenfeld
Erica E. Flores
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Phone: (215) 963-5000
Fax:    (215) 963-5001
bortelere@morganlewis.com
jblumenfeld@morganlewis.com
eflores@morganlewis.com

*Counsel for Defendants*

DATED: Nov. 14, 2012

_J. Todd Kennard_

J. Todd Kennard
JONES DAY
325 John H. McConnell Boulevard
Suite 600
Columbus, OH 43216-5017
Phone: (614) 281-3939
Fax:    (614) 461-4198
jtkennard@jonesday.com

*Counsel for Defendants*

*Of Counsel*

John M. Newman, Jr.
Geoffrey J. Ritts
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Phone: (216) 586-3939
Fax:    (216) 579-0212
jmnewman@jonesday.com
gjritts@jonesday.com

*Counsel for Defendants*

30